**STATE of Minnesota, Respondent,**

v.

**Jack Durand TIBBETTS, Appellant.**

**No. 47974.**

Supreme Court of Minnesota.

July 6, 1979.

Michael F. Fetsch, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., and Carol A. Collins, Asst. County Atty., Hastings, for respondent.

Heard before KELLY, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

OTIS, Justice.

This is an appeal from a conviction for two counts of criminal sexual conduct in the second degree, Minn.St. 609.343(a), and two counts of criminal sexual conduct in the fourth degree, Minn.St. 609.345(b). We reverse and remand for a new trial.

The pertinent statutes are as follows: Minn.St. 609.343 "CRIMINAL SEXUAL CONDUCT IN THE SECOND DEGREE. A person is guilty of criminal sexual conduct in the second degree and may be sentenced to imprisonment for not more than 15 years if he engages in sexual contact with another person and if any of the following circumstances exists:

"(a) The complainant is under 13 years of age and the actor is more than 36 months older than the complainant. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense; * * *."

Minn.St. 609.345 "CRIMINAL SEXUAL CONDUCT IN THE FOURTH DEGREE. A person is guilty of criminal sexual conduct in the fourth degree and may be sentenced to imprisonment for not more than five years, if he engages in sexual contact with another person and if any of the following circumstances exists:

\* \* \* \* \* \*

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant or in a position of authority over the complainant and uses this authority to coerce the complainant to submit. In any such case, it shall be an affirmative defense which must be proved by a preponderance of the evidence that the actor reasonably believes the complainant to be 16 years of age or older; * * *."

Minn.St. 609.341: "Definitions.

\* \* \* \* \* \*

"Subd. 11. 'Sexual contact' includes any of the following acts committed without the complainant's consent, if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses, except in those cases where consent is not a defense:

"(i) The intentional touching by the actor of the complainant's intimate parts, * * *."

With respect to each count the court's charge included, among other things, the following:

"* * * [i]f you are satisfied beyond a reasonable doubt that on or between Friday, the 13th of February, and Sunday, the 14th of March, 1976, * * * first, that the defendant intentionally touched [the victim's] buttocks, or the clothing covering the immediate area of his buttocks, and secondly, that the touching

could reasonably be construed as being for the purpose of satisfying the defendant's sexual impulses, * * * then you should find him guilty of the crime charged * * *."

■ We are of the opinion that the charge as given obscured and diluted the time-honored rule that in a criminal case the state must prove all facts beyond a reasonable doubt, and accordingly we hold that defendant was denied due process of law and is entitled to a new trial.

By instructing the jury that "the touching could reasonably be construed as being for the purpose of satisfying the defendant's sexual impulses" the degree of proof was shifted from acts which *must* be proved beyond a reasonable doubt to acts which *could* reasonably be construed or interpreted to be for an improper purpose. In ordinary parlance the use of the word "could" means something which is "possible," here suggesting to a jury that it had the right to convict if it found that an improper purpose was only one of several reasonable alternatives. It was tantamount to charging that if this purpose could reasonably be inferred, to reach a verdict of guilty the jury need not exclude other reasonable inferences which might lead to an opposite conclusion. In other words, by failing to charge that proof of guilt *must* be beyond a reasonable doubt and by charging instead that it could merely be a reasonable construction of the evidence the protection afforded an accused is emasculated and the jury is invited to select one of several possible conclusions if each of them can be logically supported.

Two recent cases of the United States Supreme Court underscore the constitutional dimensions of the reasonable doubt rule, *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In the *Winship* case, the Supreme Court had this to say in holding that the Due Process clause of the Fourteenth Amendment requires for conviction proof beyond a reasonable doubt of every fact necessary to constitute the crime charged:

"The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' * *

"The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. Accordingly, a society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt. * * *

"Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned. It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty." 397 U.S. 363, 90 S.Ct. 1072, 25 L.Ed.2d 375.

In preparing proposed jury instruction guides for criminal cases, the Minnesota District Judges Association Committee was alert to the constitutional problems which might result from using the statutory language in charging the jury. Accordingly, the committee omitted the statutory words "if the acts can reasonably be construed" with the following caveat:

"* * * Although the statute provides that sexual contact exists 'if the acts can *reasonably be construed* as being for the purpose of satisfying the actor's sexual or aggressive impulses' (emphasis supplied), the decisions of the United States Supreme Court in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), seem to require that this element be proved beyond a reasonable doubt."

Minnesota Jury Instruction Guide, CRIM-JIG 12.08, note 1.

■ The defendant is entitled to a new trial in which the jury is to be instructed that the state has the burden of proving beyond a reasonable doubt that defendant's acts were for the purpose of satisfying his sexual or aggressive impulses without including the offensive language to which we have referred.

Reversed and remanded for a new trial.

SCOTT, Justice (dissenting).

The majority reverses on the theory that the charge of the court diluted the rule that in a criminal case the state must prove all facts beyond a reasonable doubt. This is based on the "can reasonably be construed as being" language of Minn.St. 609.341, subd. 11, which the trial court incorporated into his instructions. It is, of course, a constitutional requirement that the prosecution must prove each and every element of the charge beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This standard is met here. As to each count, the court charged the jury in this fashion:

"As to Count I in the Complaint, which charges criminal sexual conduct in the fourth degree alleging sexual conduct with Kerry * * *, as to Count I, *if you are satisfied beyond a reasonable doubt* that on or between Friday, the 13th of February, and Sunday, the 14th of March, 1976, in the City of Burnsville, Dakota County, Minnesota, *first, that the defendant intentionally touched* Kerry * * *'s buttocks, or the clothing cov-

ering the immediate area of his buttocks, and *secondly*, that the *touching could reasonably be construed as being for the purpose of satisfying the defendant's sexual impulses, and thirdly, that at the time* of the touching, Kerry * * * was *at least 13 years of age but less than 16 years of age* and the defendant was more than 48 months older than Kerry * * *, then you should find him guilty of the crime charged in Count I. If you are not so satisfied, you should find him not guilty." (Italics supplied.)

As is illustrated by the instructions set out above, in charging the jury the court prefaced the instructions as to each count by stating that they must be "satisfied beyond a reasonable doubt" as to each element of the offense in order to find the defendant guilty. By charging the jury in this manner the trial court properly conveyed to them the principle that each element of the crime must be proven beyond a reasonable doubt.

The entire statutory scheme dealing with sex offenses was revised by the legislature in 1975, and the phrase in question, "can reasonably be construed," was coined therein. It has no doubt been used by many courts in many cases since that time. This opinion, therefore, may have a very far-reaching effect on the application of the sexual conduct statutes since 1975.

While I agree with the Minnesota Jury Instruction Guides (which were not in effect at the time of this trial) suggesting that the phrase "can reasonably be construed" should be eliminated in the future so as to avoid possible confusion, the instructions in this case do comply with the constitutional requirements as laid down in *Winship, supra.* The evidence therefore being sufficient, I would affirm the trial court.

KELLY, Justice.

I join in the dissent of Mr. Justice SCOTT.

TODD, Justice.

I join in the dissent of Mr. Justice SCOTT.