STATE of Minnesota,
Plaintiff-Respondent,

v.

Lloyd D. BICKNESE,
Defendant-Appellant.

No. 50516.

Supreme Court of Minnesota.

Nov. 16, 1979.

Elkins & Youngquist and Steven C. Youngquist, Rochester, for defendant-appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Dewayne P. Mattson, County Atty., and Raymond F. Schmitz, Asst. County Atty., Rochester, for plaintiff-respondent.

SHERAN, Chief Justice.

This is a prosecution of defendant for criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1978), specifically, for engaging in "sexual contact" with another person where the complainant is under 13 years of age and the actor is more than 36 months older. The district court has certified to this court for pretrial decision pursuant to R. 29.02, subd. 4, R.Crim.P., a question whether Minn.Stat. § 609.341, subd. 11—which, in defining "sexual contact" as including certain specified nonconsensual touchings, uses the qualifying phrase "if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses"—is unconstitutional and, if so, whether the statute must therefore be struck down as void rather than given a saving interpretation or construction. The district court, while denying the defense motion to dismiss and stating his intent to instruct in the manner ordered in *State v. Tibbetts,* 281 N.W.2d 499 (Minn.1979), certified the issue as important and doubtful. We affirm the order denying the motion to dismiss and remand for trial.

Recently, in *State v. Tibbetts, supra,* we reversed the convictions of a defendant for second and fourth degree criminal sexual conduct, which are offenses involving "sexual contact," and granted a new trial on the ground that the instruction of the trial court, which included the previously alluded to qualifying phrase taken from § 609.341, subd. 11, had the effect of obscuring and diluting the requirement of proof beyond a reasonable doubt. In doing so, we stated as follows:

By instructing the jury that "the touching could reasonably be construed as

being for the purpose of satisfying the defendant's sexual impulses" the degree of proof was shifted from acts which *must* be proved beyond a reasonable doubt to acts which *could* reasonably be construed or interpreted to be for an improper purpose. In ordinary parlance the use of the word "could" means something which is "possible", here suggesting to a jury that it had the right to convict if it found that an improper purpose was only one of several reasonable alternatives. It was tantamount to charging that if this purpose could reasonably be inferred, to reach a verdict of guilty the jury need not exclude other reasonable inferences which might lead to an opposite conclusion. In other words, by failing to charge that proof of guilt *must* be beyond a reasonable doubt and by charging instead that it could merely be a reasonable construction of the evidence the protection afforded an accused is emasculated and the jury is invited to select one of several possible conclusions if each of them can be logically supported.

* * * * * *

In preparing proposed jury instruction guides for criminal cases, the Minnesota District Judges Association Committee was alert to the constitutional problems which might result from using the statutory language in charging the jury. Accordingly, the committee omitted the statutory words "if the acts can reasonably be construed" with the following caveat:

" * * * Although the statute provides that sexual contact exists 'if the acts can *reasonably be construed* as being for the purpose of satisfying the actor's sexual or aggressive impulses' (emphasis supplied), the decisions of the United States Supreme Court in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), seem to require that this element be proved beyond a reasonable doubt." Minnesota Jury Instruction Guide, CRIM-JIG 12.08, note 1.

 The defendant is entitled to a new trial in which the jury is to be instructed that the state has the burden of proving beyond a reasonable doubt that defendant's acts were for the purpose of satisfying his sexual or aggressive impulses without including the offensive language to which we have referred. 281 N.W.2d 500.

Defendant contends that § 609.341, subd. 11, must be struck down as being completely void rather than saved by simply omitting the offending language from the jury instruction. We implicitly rejected this approach in *Tibbetts,* and we now do so explicitly for the reason that the statute, as construed by this court, does not infringe upon defendant's right not to be convicted on proof less than proof beyond a reasonable doubt.

Remanded for trial.