STATE of Wisconsin, Plaintiff-Respondent,

v.

John A. NYE, Defendant-Appellant.†

Court of Appeals

*No. 80–219–CR. Submitted on briefs December 8, 1980.—*
*Decided January 27, 1981.*
(Also reported in 302 N.W.2d 83.)

† Petition to review granted.

For the defendant-appellant there was a brief by *David C. Niblack,* state public defender, and *Louis B. Butler, Jr.,* assistant state public defender.

For the plaintiff-respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Voss, P.J., Brown and Cannon, J.J.

VOSS, P.J. This is an appeal from a judgment of conviction of John A. Nye for one count of sexual assault, contrary to sec. 940.225(2) (e), Stats. Nye also appeals from the denial of his post-conviction motions seeking a new trial. The complaint filed against Nye alleged that he forcibly had sexual intercourse with his then-fourteen-year-old stepdaughter. Because we find that any error occurring during trial was harmless, we affirm.

Section 940.225, Stats. (1977), reads in pertinent part as follows:

(2) SECOND DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class C felony:

. . .

(e) Has sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age

of 18 years without consent of that person, as consent is defined in sub. (4).

. . .

(4) CONSENT. . . . [a] person under 15 years of age is incapable of consent as a matter of law . . .

. . .

(5) DEFINITIONS. In this section:

. . .

(b) "Sexual contact" means any intentional touching of the intimate parts, clothed or unclothed, of a person to the intimate parts, clothed or unclothed, of another, or the intentional touching by hand, mouth or object of the intimate parts, clothed or unclothed, of another, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification or if such touching contains the elements of actual or attempted battery as defined in s. 940.20.

During the trial court's instructions to the jury, the court defined sexual contact couching its language in terms of the statutory definition. Following the statutory directive, the court stated that sexual contact was the intentional touching of the intimate parts, clothed or unclothed, of a person to the intimate parts, clothed or unclothed, of another, or the intentional touching by hand, mouth or object of the intimate parts, clothed or unclothed, of another, *if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.* No objection was made to the instruction. However, on motions after verdict, a new trial was sought on the ground that the sexual contact instruction was unconstitutional. Buttressing his argument with the rule of law set forth in the case of *State v. Tibbetts,* 281 N.W.2d 499, 500 (Minn. 1979), Nye argued that the instruction was unconstitutional in that it reduced the criminal burden of proof beyond a reasonable doubt to that of a lesser standard.

It is fundamental to our legal system that in criminal trials, the State has the burden of proving every element

of an offense beyond a reasonable doubt. *In re Winship,* 397 US 358, 364 (1970) ; *Holland v. State,* 91 Wis.2d 134, 138, 280 N.W.2d 288, 290 (1979). This standard has been said to play a "vital role" since "it operates to give 'concrete substance' to the presumption of innocence, to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding." *Jackson v. Virginia,* 443 U.S. 307, 315 (1979). This guarantee is of constitutional magnitude since it has been held that the due process clause of the fourteenth amendment protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship, supra,* at 364.

Even if no objection is made, errors in instructions may be reviewed on appeal where the error is so plain or fundamental as to affect substantial rights of the defendant. *Werner v. State,* 66 Wis.2d 736, 751, 226 N.W.2d 402, 409 (1975). If an instruction misstates the law or misleads the jury, error is not waived by a failure to object. *Wray v. State,* 87 Wis.2d 367, 373, 275 N.W.2d 731, 734 (Ct. App. 1978).

In the case of *State v. Tibbetts, supra,* the Minnesota Supreme Court recently ruled that an instruction almost identical to the one given in this case unconstitutionally shifted the burden of proof from acts which must be proven beyond a reasonable doubt to acts which could reasonably be construed or interpreted to be for an improper purpose.[1] In that case, the Minnesota Supreme

---

[1] The Minnesota court's instructions to the jury were in pertinent part as follows:

". . . [i]f you are satisfied beyond a reasonable doubt that on or between Friday, the 13th of February, and Sunday, the 14th of March, 1976, . . . first, that the defendant intentionally touched [the victim's] buttocks, or the clothing covering the immediate

Court reversed the defendant's conviction and remanded the case for a new trial because the instruction given violated the time honored rule that in criminal cases, the State must prove all the facts beyond a reasonable doubt. Using the United States Supreme Court cases of *Mullaney v. Wilbur*, 421 U.S. 684 (1975), and *Patterson v. New York*, 432 U.S. 197 (1977), for authority, the Minnesota court reasoned that the use of the word "could" means something which is "possible," suggesting to a jury that it had the right to convict if it found that an improper purpose was only one of several reasonable alternatives. *Tibbetts*, at 500. The court reasoned that, in effect, it was tantamount to charging that if this purpose could reasonably be inferred to reach a verdict of guilty, the jury need not exclude other reasonable inferences which might lead to an opposite conclusion. *Id.*

Introductory comments to Wis J I—Criminal 1200–1219, adopt the rationale of the *Tibbetts* case. In addressing the definition of sexual contact, the comment states:

One part of the sexual contact definition that is troublesome is the phrase "if that intentional touching can reasonably be construed . . . ." Including this phrase in the jury instructions may cause a problem by diluting the defendant's right to have the sexual contact element established beyond a reasonable doubt. The Committee decided to leave the phrase out of the uniform instructions, feeling that it would be too confusing to instruct the jury that they had to be satisfied "beyond a reasonable doubt" that the touching could "reasonably be construed" as being for the purpose of sexual arousal or gratification.

*Id.* at 5–6.

area of his buttocks, and secondly, that the touching could reasonably be construed as being for the purpose of satisfying the defendant's sexual impulses, . . . then you should find him guilty of the crime charged . . . ." 281 N.W.2d at 500.

We feel that the instruction given the jury in this case unconstitutionally reduced the State's burden of proof in contravention of the due process clause. This is not a general intent statute but a specific intent statute. The State must prove as an element of the crime that the perpetrator had the specific intent to touch the victim for the purpose of sexual arousal or gratification. The legislature has chosen to make this a crime involving proof of specific intent. Since it has done so, the legislature cannot then mandate that the specific intent can be proven by evidence which does not satisfy the reasonable doubt standard. We cannot allow the State to prove the specific intent of sexual gratification or sexual arousal by simply suggesting to the jury that the action taken by the defendant *could be* construed to be for the purpose of sexual arousal or gratification. The State must prove beyond a reasonable doubt that the touching was definitely for the purpose of sexual arousal or gratification and not merely that it could be reasonably construed to be for the purpose of sexual arousal or gratification. Accordingly, since the instruction given did lower the burden of proof, it was unconstitutional. We must now, however, determine whether the error occasioned by the improper instruction was harmless.

■

When an error is of constitutional dimension, in order for it to be found harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24 (1967). We are able to make such a declaration upon the following analysis.

■

In this case, the evidence, if believed by the jury, established that Nye had sexual intercourse with his stepdaughter for a period of approximately ten minutes, resulting in orgasm. In essence, that was the sole thrust

of the case against Nye. Any other incidents of contact that Nye may have had with his stepdaughter alluded to during testimony were superfluous and were not a part of the charges against Nye. It was effectively impossible for the jury to reach the conclusion that Nye's actions were not for the purpose of sexual arousal or gratification.

This is not the kind of case where, for instance, a man in a crowded bar makes a sudden turn and comes into contact with a woman's breast. In that case, the man's defense might be that he made the contact accidentally and not for the purpose of sexual arousal or gratification. The woman might feel otherwise, and the case might be prosecuted upon the belief that the action taken by the man was for the specific intent of his arousal or gratification. If that kind of case came before the court, we could very well visualize the jury only being asked to go so far as to find a possibility that the defendant's action was for the purpose of sexual arousal or gratification. The prosecutor would not have to prove beyond a reasonable doubt that the defendant's action was for the specific intentional purpose of sexual arousal or gratification. Using the instruction that was given in that case, saying that the jury only had to reasonably construe the actions being for the purpose of sexual arousal or gratification, would be severely detrimental to the defendant's case in that type of situation. It would not be a harmless error situation as we have here, and we would have to reverse and remand for a new trial. Nothing in this case remotely approaches the hypothetical we have set out. We hold that the jury could not have reasonably construed Nye's conduct as being for a purpose other than sexual gratification or arousal. Therefore, we find the error harmless.

Apparently, there is some question as to whether instructions which shift or lower the burden of proof can

ever be considered harmless. Nye claims that errors of this sort are never harmless. He cites *Jackson v. Virginia,* 443 U.S. 307 (1979) ; *Cool v. United States,* 409 U.S. 100 (1972) ; *United Brotherhood of Carpenters v. United States,* 330 U.S. 395 (1947) ; *Bollenbach v. United States,* 326 U.S. 607 (1946), in support of this claim. We think Nye places undue reliance upon those cases.

In *Sandstrom v. Montana,* 442 U.S. 510 (1979), the United States Supreme Court declared unconstitutional a Montana jury instruction involving criminal intent which improperly shifted the burden of proof. Although the Court reversed in *Sandstrom,* it remanded the case to the Montana Supreme Court to consider unaddressed issues, including whether the giving of the tainted instruction could be considered harmless error. If the harmless error rule is applicable in a situation where the court gave a jury instruction which unconstitutionally shifted the burden of proof, then it is clearly applicable to a situation where the jury instruction merely lowered the burden of proof. The fact that the Supreme Court intended the harmless error rule to apply to constitutionally infirm jury instructions is further buttressed by its refusal to hear *State v. McKenzie,* 608 P.2d 428 (Mont. 1980). In that case, the Supreme Court of Montana reaffirmed a conviction and reinstated the death penalty. One of the issues was whether the instruction declared unconstitutional in *Sandstrom,* which was used at trial, constituted harmless error. Adopting the approach used in *Milton v. Wainwright,* 407 U.S. 371 (1972), *i.e.,* overlooking the constitutional infirmity where overwhelming evidence of guilt is present, the Montana court found the error to be harmless. On December 8, 1980, the United States Supreme Court refused to grant *certiorari* in *McKenzie.*[2]

---

[2] For a similar analysis, *see Pigee v. Israel,* 503 F. Supp. 1170 (E.D. Wis. 1980).

Nye also contends that the trial court erred in amending the original information filed by the State in that he contends the trial court was without jurisdiction to effect an amendment. The original information charged Nye with sexual assault by "sexual intercourse or sexual contact." The information was subsequently amended to delete the phrase "sexual intercourse or." No objection was made by Nye's trial counsel to the amendment. On motions after verdict, Nye argued he was prejudiced by the duplicitous nature of the information. Nye further argued that due to the defect, the court was without subject matter jurisdiction and, therefore, without power to make an amendment.

This argument is without merit. The law in Wisconsin is well settled that when an information contains a citation to the statutory section alleged to have been violated, that reference "necessarily carrie[s] with it all of the elements of the offense charged under that section." *State ex rel. Bell v. County Court for Columbia County,* 82 Wis.2d 401, 408, 263 N.W.2d 162, 166 (1978); *Brown v. State,* 73 Wis.2d 703, 707, 245 N.W.2d 670, 672 (1976). In this case, Nye was put on notice of the statute he allegedly violated. The purpose of an information is to inform a defendant of the charges against him so he can prepare a defense; notice is the key factor. *Whitaker v. State,* 83 Wis.2d 368, 373, 265 N.W.2d 575, 578 (1978). By recitation of the statutory section he allegedly violated, the original information served this purpose. Moreover, because "defenses and objections based on . . . insufficiency of the . . . information . . . shall be raised before trial by a motion or be deemed waived," it can be argued that Nye waived any defect by failing to object. Sec. 971.31(2), Stats.

Even if Nye had objected before trial to the alleged defect, the proper remedy would not have been dismissal

but would have been the remedy instituted by the trial court. Section 971.31 (8), Stats., provides that: "No complaint, indictment, information, process, return or other proceeding shall be dismissed or reversed for any error or mistake where the case and the identity of the defendant may be readily understood by the court; and the court may order an amendment curing such defects." In this case, the trial court implemented the proper remedy by amending the information. Because Nye was well aware of the charges pending against him, it cannot be argued that the court was without jurisdiction to so act.

Nye also argues that the jury was improperly instructed on the law concerning consent. At trial, the following instruction was given:

A person under 15 years of age is incapable of consent as a matter of law. Therefore, in this case, if you find that [the victim] was 14 years of age on the date of the alleged offense then you must find that she did not consent to the alleged sexual contact.

It was undisputed that the victim was fourteen years of age at the time of the offense. Nye contends that this instruction unconstitutionally resulted in a directed verdict on the element of consent. We disagree.

Section 940.225 (2) (e), Stats., provides that a person who has sexual contact with a person between twelve and eighteen years of age without that person's consent, "as consent is defined in sub. (4)" is guilty of second-degree sexual assault. Subparagraph four of that section states that "[a] person under 15 years of age is incapable of consent as a matter of law." When these two statutory sections are read together, it is clear that nonconsent is not an element of the crime of second-degree sexual assault where the victim is a person under the age of fifteen years. Because a plain reading of the statute leads us to conclude that nonconsent is not an element of

the crime when a person under the age of fifteen years old is involved, the trial court cannot be said to have directed a verdict on that element of the crime.

Lastly, Nye contends that he was denied effective and competent assistance of counsel. He bases this claim on his trial attorney's failure to object to the information, the sexual contact instruction and the consent instruction. He further bases this claim on his attorney's alleged misguided advice urging him to abandon an alibi defense that under the facts gives him reasonably effective representation. In *State v. Harper*, 57 Wis.2d 543, 557, 205 N.W.2d 1, 9 (1973), our supreme court set forth the following rule:

We think it is time for this court to restate a higher test for competency of counsel for the future. This court has always been most solicitous of the right of one accused of crime to be properly and adequately represented by counsel. Effective representation is not to be equated, as some accused believe, with a not-guilty verdict. But the representation must be equal to that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his services.

Wisconsin case law since *Harper* has indicated that in evaluating the effectiveness of trial counsel, an appellate court should look to the entire course of representation. An appellate court should not focus exclusively upon any single alleged instance of incompetent representation. *See State v. Rock*, 92 Wis.2d 554, 285 N.W.2d 739 (1979); *State v. Koller*, 87 Wis.2d 253, 274 N.W.2d 651 (1979). On appeal, the standard of review is whether the trial court's finding that the defendant was not denied effective assistance of counsel was against the great weight and clear preponderance of the evidence. *State v. Rock, supra*, at 556, 285 N.W.2d at 740.

Prior to trial, Nye's trial counsel obtained evidence concerning a medical examination administered to the

victim following the incident in question. The examination revealed that the victim's hymen was still intact five months after the alleged attack. At trial, the victim testified that penetration took place, and intercourse continued for a period of ten minutes, resulting in orgasm. Although penetration could have occurred without hymenal tear, medical testimony presented at a hearing on a post-verdict motion disclosed that such an occurrence was very unlikely.

Clearly, the evidence concerning the lack of hymenal tear was relevant in attacking the credibility of the victim who testified that there was, in fact, penetration and orgasm. At a hearing addressing this issue, however, Nye's defense counsel testified that he did not bring up the evidence concerning the medical examination since he felt it would only emphasize the evidence of sexual contact already in front of the jury. Nye's attorney further testified that he chose not to use such impeachment evidence because of the victim's tender age.

The trial court concluded, basing its decision on the reasons stated by trial counsel for his choice not to use the evidence and on the nature or "flavor" of the case, that such a strategy was reasonable. We agree. As noted by the trial court,[3] it would be easy for us to second-guess trial counsel; nonetheless, it cannot be said that

---

[3] The trial court stated:

It is easy to second guess defense counsel at this point. The Court, however, recalls the demeanor of the victim on the stand and would not presume to second guess counsel's strategy having that in mind. Had the defendant been acquitted, we would have considered counsel a genius. Since the defendant was found guilty, it is all too easy to say that his failure to go into this area of cross-examination was incompetent. The Court is satisfied that considering the flavor of the case at the time the defendant made the decision not to go into this area of cross-examination was such that the representation could in no way be considered incompetent.

trial counsel's reasoned decision not to cross-examine on this issue in any way reflects ineffective or incompetent representation.

Nye further argues that his attorney's advice to him to abandon his alibi defense was unreasonable. Prior to trial, a notice of alibi was filed with the court. Nye's alibi was that he was not home on the night of the incident, and he had two witnesses who would substantiate his claim. Trial counsel explained at a post-conviction motion hearing that the alibi defense was not used because the alibi witnesses gave inconsistent statements and were of poor trial demeanor, that the witnesses had criminal records, that both the victim and her brother testified Nye was home, that the basis of the alibi was that Nye had been at a bar of dubious reputation and that Nye was fully explained the basis for this tactic and tacitly consented to its use. Given these facts, we agree with the trial court that the decision not to use the alibi defense was reasonable.

This court is "not required to predict the outcome of the case if it had been tried as the postconviction counsel now states he would then have tried it." *Weatherall v. State,* 73 Wis.2d 22, 28, 242 N.W.2d 220, 223 (1976), *cert. denied,* 429 U.S. 923 (1976). Affirmance is sufficiently warranted if "there was a basis in reason or any rational basis for the trial counsel recommending" the defense maintained at trial. *Id.* The record amply demonstrated that there was a basis in reason for trial counsel's decision not to use the impeachment and alibi evidence. Trial counsel's failure to object to the information and instructions adds little to his argument. Our review of the entire course of representation leads us to conclude that the trial court's finding that Nye was not denied effective assistance of counsel was not against the great weight and clear preponderance of the evidence. *State v. Rock, supra.*

*By the Court.*—Judgment and order affirmed.