STATE of Wisconsin, Plaintiff-Respondent,

v.

John A. NYE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–219–CR. Submitted on briefs November 3, 1981.—*
*Decided December 1, 1981.*

(Also reported in 312 N.W.2d 826.)

For the appellant-petitioner the cause was submitted on the brief of *Louis B. Butler, Jr.,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

PER CURIAM. This is a review of a published opinion by the court of appeals which affirmed defendant's conviction for sexual assault in violation of sec. 940.225(2) (e), Stats. 1977. *State v. Nye*, 100 Wis. 2d 398, 302 N.W. 2d 83 (Ct. App. 1981). We summarily affirm.

At trial defendant was found guilty of forcibly having sexual intercourse with his then fourteen-year-old stepdaughter. On appeal defendant raised four issues, all of which were decided by the court of appeals.

The court of appeals first held that the jury instruction stating that sexual contact was intentional touching that can be reasonably construed as being for the purpose of sexual arousal or gratification amounted to harmless error because the jury, from the evidence presented, could not have reasonably construed defendant's conduct as being undertaken for any purpose other than sexual gratification or arousal. The appeals court then decided that the trial court did have jurisdiction to amend the original information filed by the state because the original information carried with it all elements of the offense charged under the statute. Thirdly, the appeals court held that, under the statute, nonconsent is not an element of the crime of second-degree sexual assault where the victim is a person under the age of fifteen years and therefore the trial court did not unconstitutionally direct a verdict on the element of consent. Finally, the court of appeals held that the trial court correctly concluded that the defendant was not denied the effective assistance of counsel. We hold that the court of appeals properly considered and decided these issues and we therefore summarily affirm the decision of the court of appeals.

██

However, there is one misstatement in the reasoning of the court of appeals which we wish to correct. In its opinion the court appears to hold that a denial of *certiorari* by the United States Supreme Court is the equivalent of an affirmance.

"The fact that the Supreme Court intended the harmless error rule to apply to constitutionally infirm jury instructions is further buttressed by its refusal to hear *State v. McKenzie,* 608 P.2d 428 (Mont. 1980). In that case, the Supreme Court of Montana reaffirmed a conviction and reinstated the death penalty. One of the issues was whether the instruction declared unconstitutional in *Sandstrom,* which was used at trial, constituted harmless error. Adopting the approach used in *Milton v. Wainwright,* 407 U.S. 371 (1972), *i.e.,* overlooking the constitutional infirmity where overwhelming evidence of guilt is present, the Montana court found the error to be harmless. On December 8, 1980, the United States Supreme Court refused to grant *certiorari* in *McKenzie.*" 100 Wis. 2d at 405.

We believe a denial of *certiorari,* without reasons set forth, carries no implication or inference of approval. *Brown v. Allen,* 344 U.S. 443, 489–97 (1953) ; *United States v. Kras,* 409 U.S. 434, 443 (1973). Therefore we affirm the court of appeals in every respect other than this point.

The decision of the court of appeals is affirmed.