STATE of Minnesota, Appellant,

v.

Thomas Elmer GRAHAM, Respondent.

No. C4–84–1905.

Court of Appeals of Minnesota.

April 16, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for appellant.

Rick E. Mattox, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

HUSPENI, Judge.

The State appeals dismissal of a charge of assault in the second degree, assault with a dangerous weapon. The trial court ruled that the definition of dangerous weapon in Minn.Stat. § 609.02, subd. 6 (1982), was unconstitutional because it was vague and diluted the State's burden of proof. We reverse and remand for trial.

## FACTS

On March 7, 1984 respondent Thomas Elmer Graham allegedly struck Suzanne Olson on the face, legs, and arms with a four-foot metal floor lamp with a large metal base. They had shared living quarters intermittently for approximately two years. The complaint indicates that, during the alleged assault, Olson curled up into a defensive position attempting to shield herself from repeated blows aimed at her head. The complaint states that Olson suffered a cut around one eye and severe bruising during the assault, and suffered headaches and substantial pain as a result, but did not incur great bodily harm.

On September 26, 1984 Graham moved the trial court to declare, under the facts of this case, Minn.Stat. § 609.02, subd. 6 (1983), unconstitutional. Written arguments were submitted to the trial court, as were photographs of Olson's injuries. The trial court had also formerly viewed the lamp.

The trial court found that Olson suffered no substantial harm, held that Minn.Stat. § 609.02, subd. 6, was unconstitutionally vague and diluted the State's burden of proof, and granted Graham's motion to dismiss the complaint.

The State of Minnesota now brings this appeal to reinstate the complaint and moves this court to declare that Minn.Stat. § 609.02, subd. 6, is not vague, and does not dilute the State's burden of proof.

## ISSUES

1. Is the definition of dangerous weapon found in Minn.Stat. § 609.02, subd. 6, impermissibly vague?

2. Does the definition of dangerous weapon found in Minn.Stat. § 609.02, subd. 6, unconstitutionally dilute the State's burden of proof?

## ANALYSIS

The Minnesota statutes relevant to this appeal read as follows:

609.222 (1982) *Assault in the Second Degree*

Whoever assaults another with a dangerous weapon but without inflicting great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5000 or both.

609.02, subd. 6 (1982) *Dangerous weapon*

"Dangerous weapon" means any * * * device or instrumentality which, in the manner it is used or intended to be used,

is calculated or likely to produce death or great bodily harm.

■ 1. The void for vagueness doctrine: * * * requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson,* 461 U.S. 352 at 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), citations omitted.

Graham asserts that, since conceivably any object is "likely to produce death or great bodily harm" under the right circumstances, the phrase encourages arbitrary and discriminatory enforcement by law enforcement officials.

In recent years, the requirement that legislatures establish minimal guidelines to govern law enforcement has become the more important element of the two-pronged void-for-vagueness doctrine. *Id.* at 358, 103 S.Ct. at 1858, citing *Smith v. Goguen,* 415 U.S. 566 at 574, 94 S.Ct. 1242, 1247–48, 39 L.Ed. 605 (1974). Such guidelines are important to ensure that police, prosecutors, judges and juries follow a legal standard rather than their personal predilections. *Kolender,* 461 U.S. at 358, 103 S.Ct. at 1859. Due process, however, does not require "impossible standards of clarity." *Id.* at 361, 103 S.Ct. at 1860; *United States v. Petrillo,* 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947).

It would be impossible to specify any and all objects capable of producing death or great bodily harm when used to inflict injury on another. Thus, by necessity, the definition of dangerous weapon in subdivision 6 must be expressed in flexible terms and be broad and inclusive. See *State v. Reynolds,* 243 Minn. 196, 204, 66 N.W.2d 886, 891 (1954).

■ A statute proscribing a class of behavior in flexible terms is not unconstitutional for vagueness if it can be determined with reasonable certainty or definiteness the conduct that is disapproved. *Id.* Graham is charged with using a four-foot long

metal lamp as a bludgeon in an assault upon another. The victim incurred injuries, but great bodily harm was not inflicted. Unquestionably, it can be determined that the alleged conduct is reasonably within the boundaries of the proscribed class of conduct. Whether the lamp as allegedly used in this case does constitute a dangerous weapon is for the jury to determine after a full trial on the merits.

■ The trial court's finding that Olson suffered no substantial bodily harm appears to be an acceptance of Graham's argument that the lamp cannot be a dangerous weapon unless it caused great or substantial bodily harm. Such argument is contrary to the valid legislative intent supporting the specific statutory definitions of a dangerous weapon and second degree assault. The assaultive conduct while using an object capable of inflicting great bodily harm is proscribed regardless of whether bodily harm is actually incurred.

2. Graham argues that the term "likely" in the definition of dangerous weapon in subdivision 6 allows for a lower standard of proof than the constitutionally required standard of beyond a reasonable doubt.

The issue presented here is analogous to that addressed by the supreme court in *State v. Tibbets,* 281 N.W.2d 499 (Minn. 1979), and *State v. Bicknese,* 285 N.W.2d 684 (Minn.1979).

At issue in *Tibbets* and *Bicknese* was the following portion of the definition of sexual contact:

"Sexual contact" includes any of the following acts committed without the complainant's consent, if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses * * *.

Minn.Stat. § 609.341, subd. 11 (1978).

It was argued in *Tibbets,* and the supreme court agreed, that the phrase "can reasonably be construed" impermissibly diluted the requirement of proof from acts which must be proved beyond a reasonable doubt to that which is possible from several

reasonable alternatives. *Tibbets*, 281 N.W.2d at 500.

Similarly, we find that the portion of the definition of dangerous weapon containing the challenged term, "likely," could be construed by a jury so as to dilute the state's burden of proof. See *Id.* at 500, *State v. Bicknese*, 285 N.W.2d at 686. However, the remedy is not to declare the statute void as Graham asserts, but to give the jury an instruction which informs it of the substance of the statute without using the offending or confusing language.[1]  *Id.*

### DECISION

1. The definition of dangerous weapon set forth in Minn.Stat. § 609.02, subd. 6 (1982), is not unconstitutionally vague.

2. The definition of dangerous weapon set forth in Minn.Stat. § 609.02, subd. 6 (1982), does not dilute the State's burden of proof when appropriate jury instructions are given.

Reversed and remanded for trial.

---

**1.** We recognize that the Minnesota Jury Instruction Guide in Crim. JIG 13.06 contains the statutory language to which Graham objects. Unlike the situation in *Bicknese*, the Crim. JIG drafting committee apparently did not foresee a constitutional attack. We note with approval the following definition of "deadly weapon" set forth by the National Conference of Commissioners on Uniform State Laws:

\* \* \* any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.
Model Penal Code § 210.0 (1974).