**STATE of Minnesota, Respondent,**

v.

**Garry JENSEN, Appellant.**

**No. CO–85–311.**

Court of Appeals of Minnesota.

Aug. 27, 1985.

Review Denied Oct. 11, 1985.

Hubert H. Humphrey, III, State Atty. Gen., Janet A. Newberg, Sp. Asst. Atty. Gen., St. Paul, Ann L. Carrott, Douglas County Atty., Alexandria, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Gary Jensen was convicted of assault in the second degree, Minn.Stat. § 609.222 (1984), for assaulting a police officer with a carpenter's awl. He contends the trial court erroneously instructed the jury, impermissibly excluded any reference to a prior zoning violation and impermissibly imposed financial sanctions as part of his sentence. We affirm but vacate the order of financial sanctions.

## FACTS

The facts of this case are stated in our earlier opinion of *State v. Jensen*, 356 N.W.2d 374 (Minn.Ct.App.1984), in which we reversed appellant's earlier conviction because of the trial court's refusal to submit a lesser offense instruction. In brief, appellant had been working at a construction site in Alexandria and was told by police officer James Smidt that a bicycle matching the description of appellant's stolen bicycle had been recovered. Smidt knew there was an outstanding warrant for appellant's arrest stemming from his failure to appear at sentencing after his conviction for a zoning violation. Smidt did not mention the outstanding warrant to appellant but instead intended to arrest appellant on the warrant when he arrived at the police station to retrieve his bike.

When appellant identified his bicycle at the police station and was told of the warrant, he told Smidt, "No way. I'm walking out of here" and started to leave. Smidt extended his arm to prevent appellant from leaving and appellant yelled "You son-of-a-bitch." Appellant then pulled out a carpenter's awl from his back pocket and thrust it toward Smidt's stomach. He was eventually subdued by other police officers.

Appellant chose to represent himself at the second trial and was assisted by a public defender. In a pretrial motion the trial court prohibited any reference to appellant's zoning ordinance violation. Appellant had intended to present evidence on all the facts leading up to this conviction. The trial court ruled that only evidence that a bench warrant had been issued could be introduced but not the underlying facts of the zoning violation.

In its instructions the trial court stated:
[A] dangerous weapon is anything designed as a weapon and capable of producing death or great bodily harm or anything else which, in the manner in which it is used or intended to be used, is likely to produce death or great bodily harm.

Following conviction appellant was sentenced to 21 months imprisonment and ordered to pay $1,000 fine, $40 surcharge and $259.76 restitution for witness fees. No financial sanctions had been imposed as part of appellant's original sentence. The $1,000 fine was later vacated by the trial court.

## ISSUES

1. Did the trial court properly instruct the jury?

2. Did the trial court's evidentiary ruling preventing any reference to appellant's prior zoning ordinance violation prevent appellant from explaining his conduct to the jury?

3. Did the trial court err in imposing financial sanctions when no such sanctions were imposed as part of his original sentence?

## ANALYSIS

### I.

Appellant claims that the trial court committed reversible error when it instructed the jury pursuant to Minn.Stat. § 609.02, sub. 6 (1984) and CRIMJIG 13.06. This contention is without merit. Appel-

lant failed to object to the instructions. *State v. Rose*, 353 N.W.2d 565 (Minn.Ct. App.1984). Further, considering the instructions as a whole we have no doubt the jury was properly instructed on the burden of proof and that the court's dangerous weapons instruction did not dilute that burden. Appellant's argument that the court's instruction was improper is primarily grounded on language from our recent case of *State v. Graham*, 366 N.W.2d 335 (Minn.Ct.App.1985), where we suggested that a similar instruction be more carefully worded. Even if *Graham* was not merely advisory on this point, it was decided four months after appellant's trial and would not be applied retroactively.

## II.

Appellant claims the trial court impermissibly prevented him from explaining his actions by excluding evidence concerning the zoning conviction other than the issuance of an outstanding warrant. This argument is also without merit. While a defendant has a right to explain his conduct to a jury, *State v. Johnsen*, 364 N.W.2d 494, 497 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. May 20, 1985), a defendant has no constitutional right to present irrelevant evidence. The facts underlying the zoning conviction were simply irrelevant to the assault charge. When Officer Smidt told appellant they had to clear up another matter before retrieving his bicycle, appellant did not even know there was a warrant out for his arrest. Moreover, there is no right to resist an unlawful arrest, *State v. Kutchara*, 350 N.W.2d 924, 927 (Minn.1984); *State v. Wick*, 331 N.W.2d 769, 771 (Minn.1983). Thus appellant had no right to use force even if he believed that Smidt was making an unlawful arrest. The trial court did not abuse its discretion in determining that it would not conduct a trial within the trial. The jury was instructed on the elements of the charge and on lesser offenses including the intent element. In addition, appellant was allowed to present evidence on self-defense and argue this theory. We find no error.

## III.

The State concedes that appellant's sentence should be modified so that it is not harsher than the sentence originally received following his first trial. We affirm the 21-month sentence and vacate that portion of the sentence ordering appellant to pay $40 surcharge and $259.76 in restitution for witness fees.

### DECISION

The trial court properly instructed the jury and properly prevented appellant from presenting irrelevant evidence. Appellant's 21-month prison sentence is affirmed but the order of financial sanctions is vacated.

Affirmed as modified.