**STATE of Minnesota, Respondent,**

v.

**John P. NUNN, Appellant.**

**No. C2-83-1987.**

Court of Appeals of Minnesota.

June 5, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Rick Osborne, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

John P. Nunn appeals his September 1, 1983, conviction of aggravated robbery, contending that errors committed by the trial court deprived him of a fair trial. He claims that the court virtually directed a verdict of guilty by refusing his requested instruction on the lesser included offense of theft and by commenting to the jury that it was undisputed that a robbery occurred when the essence of his defense was that only theft had occurred. Appellant also raises questions of allegedly improper impeachment of his trial testimony. He asserts that statements allegedly obtained in violation of his Sixth Amendment right to counsel were allowed to be used in cross

examination and rebuttal. He also claims impeachment by use of his 1980 aggravated robbery conviction to have been improper and prejudicial. We reverse and remand for retrial.

## FACTS

Leon Piette managed a U-Haul rental center in South Minneapolis. According to Piette's testimony at trial, appellant John P. Nunn walked in and pointed a revolver at Piette's face, saying "[t]his is a robbery." A second man opened the till. Appellant ordered Piette to lie face down on the floor and the second man tied Piette's hands. After appellant went through the till the two men left.

Two men were seen running from the scene by Geoff Simons. Meanwhile, Piette said, he freed his hands and called the police. A fingerprint analysis identified appellant and he was arrested. A detective obtained a search warrant to search for a gun; although no gun was found, some unrelated stolen items were seized.

After appellant's first appearance in court in which he was appointed a public defender and, while in the Hennepin County jail, appellant contacted Sergeant Robert Nelson. He was upset that Nelson had searched his house and discussed this and other matters with Nelson.

At trial, Piette and Simons identified appellant as a participant in the robbery. Appellant testified that Piette had suggested the day before that a fake robbery be set up to defraud the company. According to appellant, he did not use a gun. Appellant testified that when he left the U-Haul store, he met someone he did not want to meet, so he ran from him. The next day, he split the money with Piette.

In his direct examination, appellant testified that he told Sergeant Nelson, "I didn't think it was right that he [Nelson] searched my house the way he did and that I didn't do what they say I did. I never did rob no one."

On cross examination, the prosecutor inquired into appellant's conversation with Sergeant Nelson. The prosecutor attempted to get appellant to admit he tried to negotiate a deal with the police by trading the name of a "fence" for leniency in this case. Appellant denied this and Sergeant Nelson was called in rebuttal and testified to the entire conversation.

The trial court refused to give an instruction on theft as requested by appellant. The court included the following in its instructions:

In this case it is undisputed that on May 25, 1983, a robbery did occur at the U-Haul establishment in the vicinity of 35th and Nicollet, and it is also undisputed that the defendant admits that he was present on the premises on that date.

## ISSUES

1. Did the trial court commit reversible error by refusing to submit felony theft instructions to the jury as a lesser included offense to aggravated robbery?

2. Did the trial court commit reversible error by commenting to the jury that "it is undisputed that * * * a robbery did occur"?

3. Did the trial court permit appellant to be impeached improperly by a statement obtained by the police in violation of his right to counsel?

4. Was impeachment by use of appellant's 1980 conviction for aggravated robbery improper and prejudicial?

## DISCUSSION

### I

Appellant's first contention is that the jury should have been given his requested instructions on the lesser included offense of theft. Minn.Stat. § 609.04, subd. 1 (1982), provides that "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both * * *." The general rule is that:

a trial court has to submit a lesser offense only if it is a so-called lesser-included offense and only if there is evidence

that produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense.

*State v. Edwards*, 343 N.W.2d 269, 274 (Minn.1984) (cited in *State v. Evans*, 347 N.W.2d 813, 817 (Minn.App.1984)); *State v. Patch*, 329 N.W.2d 833 (Minn.1983).

▪ The initial step in this two-part test is whether the lesser offense of theft is necessarily included in the offense of aggravated robbery. We must examine the statutory definitions rather than the facts in the case in making this determination. *State v. Whisonant*, 331 N.W.2d 766 (Minn. 1983). Aggravated robbery is robbery committed when an actor is armed with a dangerous weapon or inflicts bodily harm. Minn.Stat. § 609.245 (1982). Robbery is when an actor,

> knowing he is not entitled thereto, takes personal property from the person * * * and uses or threatens the imminent use of force against any person to overcome his resistance * * * or to compel acquiescence in, the taking or carrying away of the property * * *.

Minn.Stat. § 609.24 (1982).

▪ The State argues that felony theft does not fit within the statutory definition of aggravated robbery because aggravated robbery requires the presence of a person, use or threat of force and a dangerous weapon. However, this argument misses the point; the State's contentions essentially are that aggravated robbery is a different and more serious crime than theft. *See* Minn.Stat. § 609.52, subd. 2. Aggravated robbery requires the commission of a theft; if there were no theft the offense would be assault. Minn.Stats. §§ 609.221–.224 (1982). Thus, theft is a lesser included offense of aggravated robbery.

▪ The second step in the analysis is whether the evidence is sufficient to permit the jury rationally to acquit appellant of aggravated robbery and convict him of theft. In this case, the appellant testified that he and the clerk were in on the swindle scheme. Although the jury is entitled to disbelieve the appellant's testimony,

*State v. Pieschke*, 295 N.W.2d 580 (Minn. 1980), it is also true that a defendant is entitled to an instruction on his theory of the case if there is evidence to support it. *State v. Ruud*, 259 N.W.2d 567, 578 (Minn. 1977), *cert. den.* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). If the jury believed appellant, they could rationally have acquitted him of aggravated robbery while convicting him of theft. Thus, the failure to give an instruction on theft as requested by the appellant constituted reversible error.

## II

▪ Although we are reversing because of the failure to include an instruction on theft, we also believe the trial court committed reversible error for commenting to the jury that "it is undisputed that * * * a robbery did occur * * *." A trial court "should not instruct the jury that an uncontradicted fact exists when that fact constitutes an essential element of the offense." *LaMere v. State*, 278 N.W.2d 552, 557 (Minn.1979). *See State v. Carlson*, 268 N.W.2d 553 (Minn.1978); Rule 26.03, subd. 18(5), Minn.R.Crim.P. (1983). Appellant's theory was that he did not commit an aggravated robbery, but committed theft with the complicity of the clerk. In this case, for the trial court to tell the jury that it was undisputed that a robbery occurred was tantamount to a directed verdict. Although defense counsel failed to object to this comment, the error is so fundamental that it constitutes another reason for reversing and remanding for a new trial. *State v. LaForge*, 347 N.W.2d 247 (Minn. 1984); *State v. Malaski*, 330 N.W.2d 447 (Minn.1983).

## III

Appellant also contends that inasmuch as a public defender had been appointed for him, statements Sergeant Nelson elicited from him while he was in jail were in violation of his right to counsel and thus no use, either on cross examination or rebuttal, could be made of them.

 We need not address this Sixth Amendment claim because of our prior discussion on the jury instructions. However, the Minnesota Supreme Court has consistently disapproved of in-custody questioning ·of an accused who has retained counsel. *Giddings v. State,* 290 N.W.2d 595, 597 n. 3 (Minn.1980); *State v. Fossen,* 255 N.W.2d 357, 362 (Minn.1977); *State v. Renfrew,* 280 Minn. 276, 280, 159 N.W.2d 111, 113 (1968). *See State v. Sufka,* 295 N.W.2d 665, 668 (Minn.1980). Although recently the Supreme Court, in *State v. Kivimaki,* 345 N.W.2d 759 (Minn.1984), decided that an accused may waive his right to counsel if it is a "voluntary, knowing and intelligent" waiver, it is important that in *Kivimaki* there was no indication that the accused had retained counsel at the time he was questioned. We reiterate the Supreme Court's strong disapproval of the practice of questioning an accused once an attorney has been retained or appointed.

## IV

Appellant's final contention is that the trial court abused its discretion in allowing the State to use his 1980 aggravated robbery conviction for impeachment. Rule 609(a) of the Minnesota Rules of Evidence allows the use of prior felony convictions; only an abuse of discretion will require a reversal on this ground. *State v. Kvale,* 302 N.W.2d 650 (Minn.1981). We are satisfied that under the balancing test adopted in *State v. Jones,* 271 N.W.2d 534 (Minn.1978), no abuse of discretion occurred on this issue. Although the prior conviction was for the same offense as this conviction, the other factors support the trial court's decision.

## DECISION

The trial court erred in failing to give a theft instruction as a lesser included offense instruction to aggravated robbery, and improperly commented to the jury that "it is undisputed that * * * a robbery did occur" in its instructions. For these reasons, we reverse and remand for a new trial.

Reversed and remanded.