**STATE of Minnesota, Appellant,**

v.

**Dean Anthony DANIELSKI, Respondent.**

No. C4–84–592.

Court of Appeals of Minnesota.

June 12, 1984.

Cynthia E. Ostlie, Crookston, for appellant.

Paul A. Kief, Bemidji, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal by the state from a pretrial order of the trial court ruling that expert testimony concerning typical familial sexual abuse symptoms and behavior is inadmissible for trial. The state contends that evidence that the complainant exhibited behavior consistent with having been a victim of sexual abuse is a proper subject of expert testimony. We affirm.

## FACTS

Following allegations involving sexual contact and penetration between a child and her step-father, criminal charges were brought against the step-father, Dean Danielski. The acts allegedly occurred from the time the child was nine years old and continued over seven years until the abuse was reported to the authorities. Danielski was charged with 17 counts of various sexual offenses, including criminal sexual conduct in the first degree in violation of Minn. Stat. § 609.342(b) (1982), intrafamilial sexual abuse in the first degree in violation of Minn.Stat. § 609.3641, subd. 1(2)(e) and subd. 1(1) (1982), and intrafamilial sexual abuse in the third degree in violation of Minn.Stat. § 609.3643, subd. 1(1) and subd. 1(2)(e) (1982).

The state sought to introduce the testimony of Dr. Jane McNaught, licensed psychologist, for purposes of testifying to familial sexual abuse syndrome. The purpose of this testimony would be to show that the victim in this case exhibited behavior consistent with her having been a victim of sexual abuse. The trial court denied the state's pretrial motion in limine. The state appealed from this order, pursuant to Rule 28.04, Minn.R.Crim.P.

## ISSUE

Did the trial court abuse its discretion in ruling that expert testimony concerning typical familial sexual abuse symptoms and behavior was inadmissible?

## ANALYSIS

To be admissible, expert testimony must be helpful to the jury and its probative value must not be substantially outweighed by the danger of unfair prejudice.

*State v. Saldana,* 324 N.W.2d 227, 229 (Minn.1982); Rule 702, Minn.R.Evid. The trial court has "broad discretion in deciding whether testimony by a qualified expert should be received." *State v. Helterbridle,* 301 N.W.2d 545, 547 (Minn.1980).

In *Saldana,* the Minnesota Supreme Court discussed an analogous issue. The court held that expert testimony concerning the typical post-rape symptoms and behavior of rape victims ("rape trauma syndrome") was inadmissible. The court's reasoning was that such testimony

> is of no help to the jury and produces an extreme danger of unfair prejudice. The factual question to be decided by the jury is whether the alleged criminal conduct occurred. It is not necessary that [the victim] react in a typical manner to the incident. [She] need not display the typical post-rape symptoms and behavior of rape victims to convince the jury that her view of the facts is the truth.
>
> \*  \*  \*  \*  \*  \*
>
> The jury must not decide this case on the basis of how most people react to rape or on whether [the victim's] reactions were the victim's typical reactions of a person who has been a victim of rape. Rather, the jury must decide what happened *in this case,* and whether the elements of the alleged crime have been proved beyond a reasonable doubt.

*Saldana,* 325 N.W.2d at 229–30 (Emphasis in original).

The *Saldana* court noted that the scientific evaluation of rape trauma syndrome had not reached a level of reliability that surpasses the quality of common sense evaluation of the jury.

> Permitting \* \* \* an expert to suggest that because the complainant exhibits some of the symptoms of rape trauma syndrome, the complainant was therefore raped, unfairly prejudices the appellant by creating an aura of special reliability and trustworthiness. Since jurors of ordinary abilities are competent to consider the evidence and determine whether the alleged crime occurred, the danger of unfair prejudice outweighs any probative

value. To allow such testimony would inevitably lead to a battle of experts that would invade the jury's province of fact-finding and add confusion rather than clarity.

*Id.* at 230.

The reasoning in *Saldana* is equally applicable to this case. The elements of criminal sexual conduct and intrafamilial sexual abuse are similar, covering parallel types of criminal activities. *Compare* Minn. Stats. §§ 609.341 to 609.351 (1982) *with* 609.364 to 609.3644 (1982). Danielski was also charged with criminal sexual conduct in the first degree; it would be absurd to conclude that while "rape trauma syndrome" testimony is not admissible, familial sexual abuse testimony is admissible, when it is clear the two involve substantially similar testimony. We are not persuaded that expert familial sexual abuse evidence is any more scientifically accurate than rape trauma syndrome evidence.

We find unpersuasive the attempts by the state to distinguish *Saldana.* The state argues that in *Saldana,* the expert testimony was used to rebut the defendant's claim of consensual intercourse, while here consent is not a legal defense to any of the charges. This is an invalid reason for distinguishing *Saldana* because the *Saldana* court's rationale for excluding the expert testimony applies whether or not consent is an issue in the case.

The state also argues that since expert testimony on the "battered child syndrome" is admissible, *State v. Durfee,* 322 N.W.2d 778 (Minn.1982), the offered evidence here should be likewise admissible. The "battered child syndrome" is intended to indicate that a child was not injured accidently. It is victim-oriented in that it explains a victim's injuries and is nonprejudicial to the character of the defendant. *State v. McGee,* 324 N.W.2d 232, 234 (Minn. 1982) (Wahl, J. dissenting). The reasoning behind allowing battered child syndrome testimony is that "[m]uch of the evidence \* \* \* is circumstantial. \* \* \* [C]ases \* \* occur in two or more episodes to which

there are seldom any witnesses. In addition, they usually involve harm done by those who have a duty to protect the child." *Durfee*, 322 N.W.2d at 783, quoting *Schleret v. State*, 311 N.W.2d 843, 844 (Minn. 1981).

■ While the state's argument has some superficial merit it must be rejected in this case. The victim here is now 17 years old and is capable of testifying at trial. She need not display any typical post-familial sexual abuse symptoms and behavior to convince the jury that she is telling the truth. The victim allegedly is depressed, feels she has ruined her mother's life, desires not to cross her step-father, and has attempted suicide. The state seeks to demonstrate through expert testimony that these behaviors are consistent with having been a victim of sexual abuse. Under *Saldana* such expert testimony is inadmissible for this purpose when the victim here is a 17 year old of at least average intelligence. No reason exists for reaching a different result simply because the alleged abuser was a step-father and the charge is familial sexual abuse rather than when the abuser is unrelated and the charge is criminal sexual conduct.

### DECISION

We affirm the pretrial order of the trial court ruling that expert testimony concerning typical familial sexual abuse symptoms and behavior is inadmissible for trial.

Affirmed.