STATE of Minnesota, Respondent,

v.

Willfred J. HINES, Appellant.

No. C9-83-1758.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Review Denied Nov. 7, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant, Wilfred J. Hines, was convicted of simple robbery, burglary, theft, and two counts of receiving stolen property. Appellant asserts that the admission of *State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965) evidence was reversible error, that the evidence was not sufficient to establish his guilt, and that he was improperly convicted of theft and receiving stolen property where he was also convicted of robbery. We affirm the robbery and burglary and receiving (transferring) stolen property convictions, and vacate the theft and receiving (possessing) stolen property convictions. We affirm in part and vacate in part.

## FACTS

The facts are as stated in *State v. Hines,* 343 N.W.2d 869 (Minn.Ct.App.1984).

## ISSUES

1. Was admission of evidence of other crimes reversible error?

2. Was the evidence sufficient to establish defendant's guilt?

3. Was defendant improperly convicted of theft and receiving stolen property where he was also convicted of robbery?

## ANALYSIS

1. At trial, the State presented evidence of three prior burglaries, or *Spreigl* evidence to show identity and common plan or scheme. Appellant claims this evidence was inadmissible because it was irrelevant and unfairly prejudicial. As stated in *State v. Filippi*, 335 N.W.2d 739, 743 (Minn.1983),

> The preferred approach to applying this rule is to analyze the evidence and determine if the evidence is relevant and material to the State's case, if the evidence of the defendant's participation in the offense is clear and convincing, and if the probative character of the evidence outweighs its potential for unfair prejudice.

The evidence is clear and convincing that appellant committed three other burglaries within four months prior to this offense, and that all four occurred within one mile of each other. All involved the defendant prying or forcing his way through rear windows or doors. The same type of property, money and jewelry, was the object of the various crimes, and defendant used similar methods of disposing of the merchandise. The potential of the evidence for unfair prejudice did not outweigh its probative value. *Filippi*, 335 N.W.2d at 744. *See State v. Fischer*, 354 N.W.2d 29 (Minn.Ct.App.1984). The trial court did not prejudicially err in admitting the *Spreigl* evidence.

2. Appellant contends there was no direct evidence placing him inside the victim's home, and that all the circumstantial evidence is not inconsistent with the rational hypothesis that someone else committed the crimes. Our scope of review is limited to ascertaining whether a jury could reasonably have found defendant guilty. *State v. Nash*, 342 N.W.2d 177, 179 (Minn. Ct.App.1984). A review of the record shows the jury could have reasonably concluded that appellant was guilty.

3. Defendant maintains that he is entitled to vacation of his theft and receiving stolen property convictions because he cannot be convicted of both robbery and those offenses.

Under Minnesota Statutes Section 609.04, subd. 1 (1982), a party can be "convicted of either the crime charged or an included offense, but not both." Theft from a person is a lesser included offense of robbery. *State v. Nunn*, 351 N.W.2d 16 (Minn.Ct.App.1984). *See State v. Nash*, 339 N.W.2d 554, 557 (Minn.1983). Appellant cannot be convicted of theft from a person since he was convicted of robbery.

Appellant was also convicted of two counts of receiving stolen property, in violation of Minnesota Statutes Section 609.53 (1982). The first count was based on appellant's possession of the ring he took in the robbery. Possession of the stolen property one day after the robbery is part of the same course of conduct which constitutes the robbery itself. This crime is necessarily proved if robbery is proved because one cannot commit the crime of robbery without possessing the stolen goods for some time period. Minn.Stat. § 609.04, subd. 1(4) (1982). Thus, appellant's conviction for this count of possessing stolen property must be vacated. *See State v. Carter*, 293 Minn. 102, 104, 196 N.W.2d 607, 609 (1972).

The second count of receiving stolen property was based on appellant's transfer of the stolen ring to the pawnbroker. It cannot be said that the later transfer of stolen property to a fence is part of the same act constituting the robbery. *See State v. Lawrence*, 312 N.W.2d 251 (Minn. 1981). Thus, Hines' conviction for transferring stolen property is affirmed.

## DECISION

Admission of the *Spreigl* evidence was not reversible error, and the evidence was sufficient to establish appellant's guilt of burglary and robbery. Appellant was properly convicted of burglary, robbery, and receiving (transferring) stolen property, but was improperly convicted of theft and receiving (possessing) stolen property. Thus, the convictions for theft and receiving (possessing) stolen property are vacated.

Affirmed in part and vacated in part.