**STATE of Minnesota, Respondent,**

v.

**Garry JENSEN, Appellant.**

**No. CX–84–872.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Ann L. Carrott, Douglas County Atty., Alexandria, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Garry Jensen appeals his conviction of second-degree assault, assault with a dangerous weapon, contending that the trial court erred when it refused his request to instruct the jury on the lesser-included offense of misdemeanor assault, and there were sufficient and compelling reasons to depart downward from the presumptive sentence.

Further, Jensen requests this court to consider whether there was sufficient evidence to require an instruction of self-defense and asserts that the evidence was insufficient to convict him. We reverse and remand for a new trial.

## FACTS

Appellant, Garry Jensen, was found guilty of violating a Douglas County zoning ordinance. He did not appear for sentencing and the court issued a bench warrant.

An Alexandria police officer, James Smidt, found Jensen at work and told him that police had recovered a bicycle which they believed belonged to him. Smidt requested Jensen to stop at the station after work and identify the bicycle. He did not mention the warrant even though he intended to confront Jensen regarding the warrant when Jensen appeared at the station.

That evening Jensen went to the station garage and identified his bicycle. When Jensen and Smidt returned to the station house, Smidt told Jensen that he would have to get the warrant "squared away." Jensen yelled at Smidt and told him he was "walking out of here." Smidt responded by putting his hand in front of Jensen to keep him from walking out the door. Jensen then pulled an awl from his back pocket and thrust it towards Smidt's stomach. Smidt grabbed Jensen's hand which held the awl. He could feel Jensen trying to lift his hand which contained the awl. As Smidt backed up two other officers intervened, the awl was taken from Jensen, and he was handcuffed. Smidt was not injured.

## ISSUES

Did the trial court err by refusing to submit misdemeanor assault instructions to the jury as a lesser-included offense of second-degree assault?

## ANALYSIS

At the close of the evidence, Jensen requested instructions for the lesser offense of misdemeanor assault, Minn.Stat. § 609.-224 (Supp.1983). The court denied the request after concluding that the testimony indicated the only act which caused fear of immediate bodily harm or death was the thrusting of the awl, and if the jury determined that the awl was not a dangerous weapon then no assault was committed.

■ Minn.Stat. § 609.04, subd. 1 (1982), provides in part that:

> [u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. * * *

In applying this statute the general rule is that

> a trial court has to submit a lesser offense only if it is a so-called lesser included offense and only if there is evidence that produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense.

*State v. Nunn,* 351 N.W.2d 16, 18–19 (Minn.Ct.App.1984) (quoting *State v. Edwards,* 343 N.W.2d 269, 274 (Minn.1984)).

**376**

■ There are two parts to this general rule. The first part, whether the lesser offense of misdemeanor assault is necessarily included in the offense of second-degree assault, is not an issue in this case. Rather the issue is whether there was evidence sufficient to satisfy the rational basis test: Was there evidence sufficient to permit the jury rationally to acquit Jensen of second-degree assault and convict him of misdemeanor assault. A misdemeanor assault is committed when a person—

(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

(2) Intentionally inflicts or *attempts* to inflict bodily harm upon another.

Minn.Stat. § 609.224, (Supp.1983) (emphasis added). An assault in the second-degree is assault with a dangerous weapon but without inflicting great bodily harm. Minn.Stat. § 609.222 (1982).

■ There is evidence in this case which could convict Jensen of attempting to inflict bodily harm upon Smidt under Minn. Stat. § 609.224. Jensen thrust his hand containing the awl towards Smidt's stomach. While Smidt was holding Jensen's hand, he could feel Jensen trying to push his hand towards him. The jury could have concluded that the awl was not a dangerous weapon, acquitted Jensen of second-degree assault, and convicted him of attempting to inflict bodily harm, a misdemeanor assault. Since there was evidence sufficient to satisfy the rational basis test, the lesser-included offense of misdemeanor assault should have been submitted. Therefore, we reverse and remand for a new trial. It is unnecessary to consider the other issues raised by Jensen.

### DECISION

We reverse Jensen's conviction for second-degree assault. The trial court erred by refusing a request to instruct the jury on the lesser-included offense of misdemeanor assault.

Reversed and remanded for new trial.