**STATE of Minnesota, Respondent,**

v.

**Kym A. COLEMAN, Appellant.**

**No. C9–84–832.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

Review Granted Jan. 11, 1985.

Hubert H. Humphrey, Atty. Gen., Thomas Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Kym Coleman appeals his aggravated robbery conviction. He contends the trial court erred in refusing to give theft instructions to coincide with his theory that he only committed theft. He also questions the use of *Spreigl* evidence and claims the prosecutor committed prosecuto-

rial misconduct in closing argument. We reverse and remand for a new trial.

## FACTS

During the evening of September 12, 1983, Robert Kuby was in his car in Loring Park in Minneapolis. Kuby is a 53 year old homosexual. Appellant walked by and Kuby eventually offered him a ride home.

According to Kuby, appellant was "horny" and made several sexual overtures which Kuby declined. Kuby stopped the car where appellant asked if Kuby would mind staying in the car while appellant masturbated. Kuby allowed appellant to unzip his pants and tried to help appellant get an erection by touching appellant's penis. Kuby testified appellant then got out of the car and then leaned back into the car brandishing a knife and asking for Kuby's money. Kuby gave appellant $25. Appellant then said he wasn't "queer" or a "faggot" and he didn't think Kuby would be dumb enough to go to the police because appellant would tell the police he was 15 years old and that Kuby tried to rape him.

According to appellant, while they were driving, Kuby offered $25 for a "blow job." Appellant said sure since he needed the money. When appellant had the money, Kuby tried pulling appellant's zipper down. Appellant then said he had to urinate, opened the door and said "I'm no faggot. The jokes on you. I got your money." Appellant denied pulling a knife on Kuby but he admitted he stole money.

The State's case was bolstered by the admission of *Spreigl* evidence. Two homosexuals testified that in separate incidents appellant had also pulled a knife on them asking for money. They both stated that appellant had told them he would say he was sixteen years old if the police were contacted about the incident. One *Spreigl* witness also said that appellant threatened to claim he was the victim of a rape attempt if the police were contacted.

The case was submitted on the charge of aggravated robbery. Appellant's request for instructions on theft by swindle and prostitution were denied.

## ISSUE

Did the trial court commit reversible error in denying appellant's request for an instruction on theft?

## ANALYSIS

Appellant's first contention is that the jury should have been given his requested instruction on the lesser-included offense of theft. Appellant argues that the jury was not given his theory of the case. We agree.

In *State v. Nunn*, 351 N.W.2d 16 (Minn. Ct.App.1984) we held that it was reversible error for the trial court to instruct the jury on aggravated robbery but refuse defendant's request for an instruction on the lesser-included offense of theft when theft was the essence of defendant's theory of the case. In *Nunn*, the State claimed the defendant committed an aggravated robbery by forcibly stealing money at gun point from a U-Haul employee. The defendant had claimed no robbery had occurred but that he and the employee had faked the robbery.

In *State v. Hines*, 354 N.W.2d 91 (Minn.Ct.App.1984) we reaffirmed our holding in *Nunn* in stating that theft from a person is a lesser-included offense of robbery. We decline to limit *Nunn* to theft from persons, as the State urges. There are many forms of theft, as defined in Minn.Stat. § 609.52, subd. 2 (1982) which are necessarily committed when a robbery, as defined in Minn.Stat. §§ 609.24 and 609.-245 (1982) is committed. *See State v. Kinsky*, 348 N.W.2d 319, 326 (Minn.1984). Theft by trick, Minn.Stat. § 609.52, subd. 2(4) is such an offense and is a lesser-included offense of robbery.

The general rule is that a lesser offense must be submitted to the jury only if there is evidence sufficient to permit the jury rationally to acquit defendant of the offense charged and to convict him of the lesser offense. *State v. Edwards*, 343 N.W.2d 269, 274 (Minn.1984). Here, appel-

lant testified he tricked Kuby out of $25 without the use of a knife. Although the jury is entitled to disbelieve his testimony, the appellant is entitled to an instruction on his theory of the case if there is evidence to support it. *State v. Ruud*, 259 N.W.2d 567, 578 (Minn.1977) *cert. denied* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). If the jury believed appellant, they could rationally have acquitted him of aggravated robbery while convicting him of theft.

We are not persuaded that *Nunn* announced a new rule of law which should not be given retroactive affect. *Nunn* did not announce any new rules but merely applied them in the context of aggravated robbery and theft offenses. Having reversed and remanded for a new trial we need not address appellant's other contentions.

## DECISION

Appellant is entitled to a new trial because the trial court refused appellant's request to submit instructions on theft when theft was a lesser-included offense of aggravated robbery and was the essence of appellant's theory of the case.

Reversed and remanded for new trial.