STATE of Minnesota, Respondent,

v.

Robert Junior BANKS, Appellant.

No. C4–84–611.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI, and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Robert Junior Banks was charged and convicted of one count of theft and two counts of receiving stolen property based on possession and transfer of stolen property. The charges stemmed from a sale of a stolen computer by appellant and an accomplice. Appellant claims he was improperly impeached at trial by a prior conviction, that the evidence was insufficient, and that two of his convictions must be vacated because he cannot be adjudicated guilty of all three offenses. We affirm, but vacate the receiving of stolen property conviction based on possession of the property.

### FACTS

On June 17, 1983, a new computer worth approximately $2,000 was stolen from the front seat of Larry Ehler's car. About two weeks later, Pastor Robin Slade, a part-time bailbondsman, met Banks and expressed a need for a computer. Banks told Slade he may have a friend willing to sell one.

On July 31, 1983, Slade met Banks at 1300 Selby in St. Paul. Banks said a friend was in desperate financial straits; he indicated that the friend's father had given her a computer and she wanted to sell it for the money. Slade testified Banks said that his friend wanted $250. Slade and Banks then went into the apartment to look at the computer. Banks introduced Slade to "Lorraine Scott" who was actually Leeann Randall. Randall had been Banks' girlfriend until two days before. Randall related to Slade she got the computer from her father. In response to inquiry from Slade, both she and Banks told Slade it was not stolen.

Slade went with Banks to check computer prices and after finding a similar model selling for $1,600, Banks told him the $250 price was a "good buy." They returned to 1300 Selby where, according to Slade, he desired to pay by check, but Banks insisted on cash. Slade said Banks offered to go to a bank with Slade to get the cash. Slade gave the cash to Randall and got a receipt signed by "Lorraine Scott."

Slade later checked with the police and found out the computer was stolen.

At trial, Randall, who had already been convicted of receiving stolen property (transferring and possessing) testified that Banks brought the computer to her home two days before the sale to Slade and wanted her to sell it. She complied out of fear for her safety after Banks slapped her. She stated that Banks told her to use the name "Lorraine Scott" and made up the story about her receiving the computer from her father. She also indicated Banks set the price, made Slade pay with cash, and directed her to sign a receipt "Lorraine Scott," and kept the $250.

Randall's father testified that he met Banks twice and Banks told him, "If your daughter keeps her mouth shut I could get out of this."

Banks testified that Randall had told him she had a computer for sale, and he arranged for her to meet Slade. He claimed Randall asked $300, but assured Slade he could talk her down to $250. He also testified Randall insisted on the cash payment and that he never received any part of the $250. He testified he did not know the computer was stolen. There was no evidence presented on who stole the computer from the car.

## ISSUES

1. Was appellant improperly impeached by a 1982 conviction for unlawful possession of a pistol?

2. Was the evidence sufficient?

3. Was appellant properly convicted of all three offenses?

## ANALYSIS

### I.

■ Banks was impeached at trial by a 1973 burglary conviction, a 1976 burglary conviction, and a 1982 uttering a forged instrument conviction, all without objection by defense counsel. Defense counsel did object to the use of a 1982 unlawful possession of a pistol felony conviction. The trial court's decision to allow the conviction was not an abuse of discretion under standards set out in *State v. Jones,* 271 N.W.2d 534, 538 (Minn.1978). This is especially so when Banks and his wife referred to the unlawful possession of a pistol conviction by testifying that Banks was released from prison shortly before this sale and that he would not have committed this crime while on supervised release. He had been in prison for the unlawful possession conviction.

### II.

■ The claim that the evidence was insufficient is meritless. The testimony of Leeann Randall and Pastor Slade is sufficient to show Banks knew the computer was stolen. *See State v. Wiberg,* 296 N.W.2d 388, 396–97 (Minn.1980). The $250 price on a computer worth at least $1,600 is also a factor the jury could have considered in determining whether Banks knew the computer was stolen.

### III.

■ Banks maintains his conviction for theft (retaining property) under Minn.Stat. § 609.52, subd. 2(1) (1982), and receiving stolen property (possessing) under Minn. Stat. § 609.53, subd. 1 (1982), must be vacated under Minn.Stat. § 609.04 (1982) because they are part of the same course of conduct as his conviction for receiving stolen property (transferring) under Minn. Stat. § 609.53, subd. 1 (1982). The conviction for receiving stolen property based on possession must be vacated since it clearly involved the same act constituting the theft based upon retaining property. *See State v. Carter,* 293 Minn. 102, 104, 196 N.W.2d 607, 609 (1972); *State v. Hines,* 354 N.W.2d 91 (Minn.Ct.App.1984).

■ However, the theft (retaining) and receiving stolen property (transferring) convictions are based on different statutes and reflect separate acts. The jury was instructed that to find Banks guilty of theft, they had to find he aided Randall in intentionally retaining the computer. They were also instructed on the first count of

receiving stolen property that they must find Banks aided Randall in transferring stolen property. Randall testified Banks brought the computer to her home two days before the sale to Slade. This act of retention was completed before, and separate from, the act of transferring the computer to Slade.

## DECISION

Appellant was properly impeached by a prior conviction, and the evidence was sufficient to sustain his convictions for theft (retaining) and receiving stolen property (transferring). However, while the receiving stolen property (transferring) conviction was proper, the receiving stolen property (possessing) conviction is vacated because it was part of the same act constituting the theft.

Affirmed and vacated in part.