STATE of Minnesota, Appellant,

v.

Steven Edward CARLSON, Respondent.

No. C3–84–1779.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Marvin Ketola, Carlton Co. Atty., K. Scott Belfry, Asst. Co. Atty., Carlton, for appellant.

Rodney G. Brodin, Larson, Huseby & Brodin, Ltd., Duluth, Frederick W. Spencer, Cloquet, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

PARKER, Judge.

The State appeals from a pretrial order refusing to allow psychological or psychiatric testimony on whether the behavior of two children, ages eight and ten, is consistent with sexual abuse. We reverse because this testimony may give the jury insight into the children's conduct and demeanor, which the jury could not otherwise bring to its evaluation of their credibility.

## FACTS

Steven Carlson is charged with four counts of criminal sexual conduct in violation of Minn.Stat. §§ 609.342(a) and 609.-343(a) (1982) for allegedly abusing two of his daughters.

In October 1984 the case came on for jury trial. The defendant made a motion *in limine* to prevent the use of any expert testimony concerning "child sexual abuse syndrome." The court granted the motion on the ground that the testimony was inadmissible as a matter of law, relying on *State v. Saldana*, 324 N.W.2d 227 (Minn. 1982), and *State v. Danielski*, 350 N.W.2d 395 (Minn.Ct.App.1984). The State obtained a stay of the trial and appealed from that order.

## ISSUE

Did the trial court err in ruling that expert testimony about typical characteristics of sexually abused children is inadmissible as a matter of law?

## DISCUSSION

The trial court relied on *State v. Saldana* and *State v. Danielski* in excluding the expert testimony. In *Saldana* the court held that expert testimony about rape trau-

ma syndrome was inadmissible because it did not help the jury and unfairly prejudiced the defendant by "creating an aura of special reliability and trustworthiness." 324 N.W.2d at 230. In *Danielski* the court held that a trial court had not abused its discretion in refusing to allow expert testimony in a criminal case on whether the 17-year-old complainant's behavior was consistent with sexual abuse, but indicated that the age and intelligence of the complainant were factors in its decision.

The State contends that because these children are younger than the complainant in *Danielski* and because their "bizarre emotional and physical behaviors" are outside the bounds of understanding of the average juror, the testimony should be admissible. Our decision is governed by *State v. Myers*, 359 N.W.2d 604 (Minn. 1984), in which the court held that a trial court has the discretion to allow qualified expert testimony about the characteristics typical of sexually abused children. In *Myers* the complainant was seven years old. The court said:

> With respect to most crimes the credibility of a witness is peculiarly within the competence of the jury, whose common experience affords sufficient basis for the assessment of credibility. * * * [T]he credibility of witnesses in criminal trials [should not] turn on the outcome of a battle among experts. The nature, however, of the sexual abuse of children places lay jurors at a disadvantage. Incest is prohibited in all or almost all cultures, and the common experience of the jury may represent a less than adequate foundation for assessing the credibility of a young child who complains of sexual abuse. * * * By explaining the emotional antecedents of the victim's conduct and the peculiar impact of the crime on other members of the family, an expert can assist the jury in evaluating the credibility of the complainant. *See State v. Middleton*, 294 Or. 427, 657 P.2d 1215 (1983).
>
> * * * Background data providing a relevant insight into the puzzling aspects of the child's conduct and demeanor which the jury could not otherwise bring to its evaluation of her credibility is helpful and appropriate in cases of sexual abuse of children, and particularly of children as young as this complainant. * * *

*Id.*, at 609–610.

In this case the trial court erred in failing to exercise its discretion. The two children involved are obviously reluctant to testify. The alleged abuse apparently took place between two and three years ago, when they were five and seven years old, respectively. On remand the court may admit properly qualified expert testimony in accordance with *State v. Myers* if the probative value of the testimony outweighs the danger of prejudice.

The defendant moved for an award of attorney's fees under Minn.R.Crim.P. 28.-04, subd. 2(6). We award $1,987.50, to be paid by Carlton County.

### DECISION

Reversed and remanded.