STATE of Minnesota, Respondent,

v.

Anthony Charles GRILLI, Appellant.

No. C8–84–1809.

Court of Appeals of Minnesota.

June 11, 1985.

Review Denied Aug. 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Barbara J. Harrington, Sp. Asst. Co. Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Sp. Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Anthony Charles Grilli was convicted of felony theft over $2,500 by false representation, Minn.Stat. § 609.52, subd. 2(3)(b) and subd. 3(1) (1982) and felony theft over $2,500 by swindle, Minn.Stat. § 609.52, subd. 2(4) and subd. 3(1) (1982). On appeal he claims the prosecutor unfairly used his right to be present at trial for impeachment purposes and that the evidence was insufficient to sustain his conviction. We affirm.

## FACTS

The State's case was based primarily on the testimony of the theft victims, Wendy and Kin Mui, who testified that they were conned out of $6,000 by appellant.

On Sunday, October 10, 1982, appellant went to the Song Hay Restaurant in Blaine with his two children and housekeeper. Appellant introduced himself to Wendy Mui, the owner, as Jim Lonietti. After talking, Wendy was impressed by his apparent wealth and his apparent knowledge of legal matters pertaining to landlord-tenant problems. Appellant told Mui of his wealth—he had a large house on 20 acres in Coon Rapids, and he owned several businesses requiring extensive travel. Appellant was dressed poorly but explained he concealed his wealth that way. Both appellant and the housekeeper were missing their top front teeth but appellant explained that they had teeth set with diamonds and they didn't wear them for fear of theft.

Appellant told Mui he was in the gold and diamond business and said he knew a private dealer who charged no commission with cash purchases. He explained there was much money to be made in gold. Mui was impressed and had her husband Kin come from the kitchen to meet "Jim."

The next day appellant called the Muis and told them to get their money ready, meet him at their restaurant, and not to tell anyone. The Muis brought $6,000 in cash. Appellant met the Muis and drove them in his 1974 Cadillac to the Northtown Shopping Center where he claimed the gold dealer was waiting. At Northtown appellant told the Muis they had to stay in the car. He took the $6,000 and returned a few minutes later without the the 15 ounces of gold he was supposed to buy. Instead he had some form of receipt for "1.5 ounces gold." When Wendy Mui asked for the gold or a receipt for the $6,000, appellant went back inside the mall and returned with a receipt for $6,000. Appellant explained the dealer was busy but would call the Muis at their restaurant in one-half hour when the gold was ready. Appellant drove the Muis back, made a phone call and said he had to leave to sell a two carat diamond for $9,000. The Muis waited but appellant did not return. Wendy Mui became suspicious, checked around and finally went to the police on October 25, 1982.

Appellant testified and claimed that he knew the Muis for some time before October 10, 1982, in contrast to the Muis' testimony. He denied swindling the money from the Muis. He claimed Wendy asked him for advice on buying gold from two Chinese men and that he assisted her in buying the gold for $3,000.

Appellant was convicted of felony theft over $2,500 by false representation and felony theft over $2,500 by swindle and was sentenced on the swindle conviction to an executed prison sentence of 32 months.

## ISSUES

1. Was appellant's Sixth Amendment right of confrontation violated by cross-examination and closing argument by the prosecution which tended to impeach appellant's testimony?

2. Was the evidence sufficient to sustain the conviction?

## ANALYSIS

### I.

Appellant argues his Sixth Amendment right to be present at trial was used against him when the prosecutor began cross-examination by asking whether appellant had heard the testimony of all the other witnesses and whether he had the benefit of hearing their version. Further he challenges the prosecutor's closing argument where the prosecutor argued appellant's version was an attempt to fashion a defense to evidence the State produced.

The prosecutor's cross-examination was not improper. The prosecutor was free to argue and attack appellant's credibility. Also, appellant failed to make any objection and waived his right to review of this issue. *State v. Parker*, 353 N.W.2d 122, 127–28 (Minn.1984).

Similarly the closing argument was not improper nor was any objection made to it.

### II.

We have reviewed the record and find there is sufficient evidence to support the conviction.

### III.

Appellant's personal assertion that the State's handwriting expert was not qualified is without merit. Sufficiency of the foundation of an expert opinion is a matter left largely to the discretion of the trial court. *State v. Kolander*, 236 Minn. 209, 224, 52 N.W.2d 458, 466 (1952). Moreover, no objection was made.

### DECISION

Appellant's conviction is affirmed.

Affirmed.