**STATE of Minnesota, Respondent,**

v.

**Dean Anthony DANIELSKI, Appellant.**

No. C5–85–59.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Review Denied Dec. 13, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Wayne Swanson, Polk County Atty., Cynthia E. Ostlie, Asst. County Atty., Crookston, for respondent.

Robert J. LaBine, Ruth E. Kronlokken, Robert J. LaBine & Assoc., Grand Forks, N.D., for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK, and LANSING, JJ., with oral argument waived.

**OPINION**

LANSING, Judge.

Appellant Dean Danielski was convicted of four counts of criminal sexual conduct in the first degree, three counts of intrafamilial sexual abuse in the first degree, and four counts of intrafamilial sexual abuse in the third degree, all involving his stepdaughter. On appeal he claims that he was denied effective assistance of counsel and that the trial court erred in denying a motion for directed verdict based on the statute of limitations, in rejecting his requested instructions on circumstantial evidence and on a lesser included offense, and in admitting *Spreigl* evidence. He also claims that the prosecutor committed reversible mis-

conduct on voir dire and in closing argument and that the evidence is insufficient to sustain his convictions. We affirm.

## FACTS

Danielski's convictions resulted from charges by his stepdaughter that he had sexually abused her two to three times a week over a period of several years. She was 17 years old at trial. The facts are set forth in two pre-trial appeals. *See State v. Danielski*, 348 N.W.2d 352 (Minn.Ct.App. 1984), *pet. for review denied*, (Minn. July 26, 1984), and *State v. Danielski*, 350 N.W.2d 395 (Minn.Ct.App.1984).

At trial Danielski presented an alibi defense, arguing he could not have done the acts at the times alleged, and a fabrication defense, arguing the child was out of touch with reality and trying to retaliate against him and her mother. The jury convicted Danielski of 11 charges, and he was sentenced to concurrent terms of imprisonment totaling 97 months.

## ISSUES

1. Was appellant denied effective assistance of counsel?

2. Did the trial court err in denying appellant's motion for a directed verdict based on the statute of limitations, in denying requested instructions or in admitting certain *Spreigl* evidence?

3. Did the prosecutor commit misconduct on voir dire and in closing argument?

4. Is the evidence sufficient to sustain the convictions?

## ANALYSIS

### I.

Danielski alleges his trial counsel was ineffective and failed to exercise the customary skills and diligence a reasonably competent attorney would exercise under similar circumstances. *See Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He contends his attorney failed to investigate theories regarding the psychological state of the victim, failed to request a psychological examination of the victim, was inadequately prepared for trial, failed to object to testimony and claimed misconduct in closing argument, and failed to call surrebuttal witnesses.

Danielski has not demonstrated that his retained attorney was ineffective. We note initially that he did not raise this issue in a post-conviction proceeding, so we do not have the benefit of all the facts concerning the defense attorney's actions. *See State v. Hanson*, 366 N.W.2d 377, 379 (Minn.Ct. App.1985). Secondly, his arguments on appeal are not persuasive.

 Danielski alleges inadequate investigation and lack of preparation. He claims that he and his wife, who was also convicted of third-degree criminal sexual conduct, investigated the case themselves and received little guidance from trial counsel. The record contains numerous exhibits apparently obtained as a result of investigation and does not support the claim of lack of preparation. Defense counsel called nine witnesses and vigorously cross-examined all of the State's witnesses, including the victim. Defense counsel presented alibi and fabrication defenses and introduced evidence in support of those defenses. The decision not to pursue other defenses or to present psychological evidence about the child's emotional state reflects a decision of trial tactics. *See Strickland*, — U.S. at —, 104 S.Ct. at 2061.

Danielski also complains about defense counsel's failure to make certain objections and call surrebuttal witnesses, but does not indicate which objections should have been made or which witnesses should have been called. Additionally, he has not shown that there is a reasonable probability, but for those alleged errors, that the outcome of trial would have been different. *See Strickland*, — U.S. at —, 104 S.Ct. at 2068. We can only consider the record before us, which shows that Danielski was not denied effective assistance of counsel.

## II.

In denying Danielski's motion for a new trial, the trial court specifically addressed his claims regarding the statute of limitations, jury instructions, and *Spreigl* evidence. The rulings were succinct and correct.

■ Danielski contends the three-year statute of limitations precludes prosecution for the offenses occurring in July 1980 because the complaint was not filed until August 1983. This court has already held that the statute of limitations does not bar prosecution for the July 1980 offenses because Danielski prevented the child from reporting the abuse. *See State v. Danielski*, 348 N.W.2d 352, 357 (Minn.Ct.App. 1984), *pet. for review denied*, (Minn. July 26, 1984).

■ The trial court refused Danielski's request to instruct the jury with the last paragraph of CRIM JIG 3.05 (1977) on circumstantial evidence. The giving of the paragraph in question is not mandatory. *State v. Williams*, 337 N.W.2d 387, 389 (Minn.1983) (citing *State v. Turnipseed*, 297 N.W.2d 308, 312–13 (Minn.1980)). Additionally, as the trial court noted, this case did not revolve around circumstantial evidence, but was based on direct evidence.

■ The denial of Danielski's request for an instruction on criminal sexual conduct in the third degree, as a lesser included offense of criminal sexual conduct in the first degree, was not an abuse of discretion. *See State v. Jensen*, 356 N.W.2d 374 (Minn. Ct.App.1984). The difference between first degree criminal sexual conduct and third-degree criminal sexual conduct in this case is whether appellant was in a position of authority over the victim and used that authority to cause the victim to submit. *See* Minn.Stat. §§ 609.342(b) and 609.344(b) (1984). There was no evidence that would rationally permit the jury to acquit Danielski of the first-degree charge and convict him of the third-degree charge; he was the victim's stepfather. The jury could not reasonably have found that Danielski was not in a position of authority over her.

Moreover, the case was tried on the defense theory that the events were fabricated.

■ Danielski's challenge to the admission of certain *Spreigl* evidence also fails. The trial court allowed Danielski's sister-in-law to testify that he forced her to have sexual intercourse without her consent on September 20, 1980. This evidence was admitted to show a common scheme of sexual abuse involving other family members, and a proper limiting instruction was given. "Admission of evidence of other crimes rests in the sound discretion of the trial court and will be upheld absent a clear showing of abuse of discretion." *State v. Ture*, 353 N.W.2d 502, 515 (Minn.1984). No abuse of discretion has been shown.

## III.

■ Danielski complains of prosecutorial misconduct in voir dire because the prosecutor used the word "incest." Although the reference was improper, the trial court's denial of his request for a mistrial on this ground was not reversible error. *See State v. Williams*, 363 N.W.2d 911 (Minn.Ct.App.1985), *pet. for review denied*, (Minn. May 1, 1985) (court found the one-time use of the word "incest" by the prosecutor in the opening statement to be harmless error).

■ Danielski also alleges prosecutorial misconduct in closing argument. We have reviewed the record and find no basis upon which to reverse the conviction. Although the prosecutor implied that appellant had manufactured evidence (a "journal" reciting daily activities kept by his wife), there is nothing improper about a prosecutor vigorously arguing that defense witnesses and their evidence lack credibility. *See State v. Googins*, 255 N.W.2d 805, 806 (Minn.1977); *State v. Grilli*, 369 N.W.2d 35, 37 (Minn.Ct.App.1985), *pet. for review denied*, (Minn. Aug. 30, 1985).

Appellant's allegations that the prosecution attempted, in its closing statements, to appeal to the passion and prejudice of the jury and to inject broader issues than guilt

or innocence of the accused into the jury's deliberations need not be recited in detail. Applying the standard outlined in *State v. Caron,* we do not find reversible error. *See id.,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974) ("in cases involving less serious prosecutorial misconduct this court has applied the test of whether the misconduct likely played a substantial part in influencing the jury to convict.").

### IV.

Danielski's final contention is that the evidence is insufficient to sustain his conviction. This contention has no merit. The strong, detailed testimony of the victim was found credible by the jury. The evidence is clearly sufficient to sustain his convictions.

### DECISION

Appellant's convictions are affirmed. Appellant has demonstrated neither ineffective counsel nor error at trial warranting reversal.

Affirmed.