**Anthony Charles GRILLI,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C2–85–1153.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Jack Nordby, Meshbesher, Singer & Spence, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven Decoster, Asst. Ramsey Co. Atty., St. Paul, for respondent.

Heard considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

LESLIE, Judge.

In 1971, appellant Anthony Charles Grilli was convicted of unlawfully selling controlled substances. He appealed, and the supreme court remanded the matter after enunciating significant law on entrapment in Minnesota. *State v. Grilli*, 304 Minn. 80, 230 N.W.2d 445 (1975). The remand hearing was never held. In 1982, Grilli was charged with theft, and this court recently affirmed his conviction. *State v. Grilli*, 369 N.W.2d 35 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Aug. 30, 1985). Through a strange interplay of these two cases, appellant brings this appeal from a post-conviction petition. We remand the matter for a hearing to determine whether appellant validly waived his right to the hearing or whether he relied on representations that his conviction would be expunged from his record.

## FACTS

In November 1970, appellant Anthony Grilli was arrested for selling marijuana to an undercover police officer. At trial, one of his defenses was that the police entrapped him. He appealed following his conviction, claiming that the trial court gave erroneous instructions on entrapment. The supreme court held that the trial court properly instructed the jury on the "subjective test" for entrapment. *Grilli*, 304 Minn. 80, 88, 230 N.W.2d 445, 451.

However, the supreme court promulgated new procedural rules on the entrapment defense. The court stated that defendants must elect before trial to have their entrapment claim presented either as a defense to the jury or as a bar to prosecution determined by the court in a pre-trial hearing. *Id.* at 91, 230 N.W.2d at 453. The defendant has the burden to raise by a fair preponderance of the evidence the issue of entrapment. Once the issue is successfully raised, the burden shifts to the State to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id.* at 96, 230 N.W.2d at 456.

The court also stated that "although the learned trial judge properly instructed the jury on the issue of entrapment, we feel that * * * defendant should be permitted to have the trial court determine if indeed there was entrapment in this case." *Id.* at 96–97, 230 N.W.2d at 456. Therefore, the court remanded "for the limited purpose of permitting the defendant to have the trial court determine, after an evidentiary hearing on the issue, whether there was entrapment." *Id.* at 97, 230 N.W.2d at 456.

Unfortunately, by the time the supreme court opinion had been released, appellant had served his sentence and parole had ended the previous year. Neither the trial court nor the prosecutor or appellant scheduled the hearing. Ten years later, the question still has not been litigated.

In October 1982, appellant was arrested for swindling $6000 from a Blaine couple. He was convicted of felony theft by false representation and by swindle and was sentenced to thirty-two months in jail. The court included appellant's 1971 conviction in determining appellant's criminal history score for sentencing. Given this score and the severity level of the swindling conviction, the court sentenced appellant to the presumptive sentence of thirty-two months in prison. It appears that if the 1971 conviction were not included, the presumptive sentence would have been fifteen months, stayed.

He appealed his conviction and this court affirmed in *State v. Grilli*, 369 N.W.2d 35 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Aug. 30, 1985). Appellant then brought this petition to have the 1971 conviction vacated and set aside because the entrapment hearing was never held. After

the State answered, the trial judge, who also was the original trial judge in 1971, dismissed the petition without an evidentiary hearing. Grilli appeals, claiming he was denied his right to a speedy trial, due process, and effective assistance of counsel because the entrapment rehearing was never held. He further appeals the court's failure to release him pending this proceeding.

## ISSUE

Should appellant's 1971 conviction be vacated because no hearing was held subsequent to the remand by the supreme court?

## ANALYSIS

Because of the unique circumstances of the case, neither party has cited any controlling or even analogous cases and this court's independent research has found no relevant cases. We believe that the outcome of this case depends on who had the duty to initiate the hearing ordered by the supreme court in *Grilli*. This in turn depends on general principles of legal administration as well as on the language of the supreme court order.

■ In general, we believe that it is the trial court's duty to insure that a remand hearing is held. Although an appellate decision that remands a case does affect the individual litigants, it is also a direction from an appellate court to a trial court in the jurisdiction. Efficient administration of justice requires a trial court to follow the instructions of an appellate court.

We also believe that the trial court is generally in the best position to insure that the hearing is held. Most, if not all, trial court judges pay close attention to appeals from their decisions. Because the trial court judge personally receives the written opinion before it is released to the public, the judge is aware of the outcome of the case. The court also has ample resources to contact the parties, bring them together, and arrange compliance with the appellate court's directives. Although the attorneys who are involved in the appeal should initiate compliance with the court's directive, they may fail to do so, and the defendant may not really understand the ramifications of the decision. Therefore, we conclude that the trial court is ultimately responsible for scheduling the hearing on remand.

■ This general rule may be modified by the particular holding in an individual case, however. In our interpretation of the *Grilli* case, the general rule was modified, and the defendant had the duty to initiate the hearing. The *Grilli* court upheld the jury instructions as being a proper statement of the then-existing law and reaffirmed Minnesota's adherence to that law. Therefore, the jury found appellant guilty under the law as it existed at trial and as it exists today.

■ The supreme court's new procedural rules, however, give defendants the opportunity to allow a trial court to determine as a matter of law whether they were entrapped. *Grilli*, 304 Minn. at 95, 230 N.W.2d at 455. In addition, defendants have the initial burden to raise by a fair preponderance of the evidence the issue of entrapment. Consequently, it could be argued from this alone that Grilli had the burden of raising the issue and that his failure to do so constituted a waiver of his claim.

■ The court also held that although the trial court properly instructed the jury, Grilli should have been *"permitted* to have the trial court determine if indeed there was entrapment in this case. Such a finding, if made, * * * will *void defendant's conviction." Id.* at 97, 230 N.W.2d at 456 (emphasis added). The court then remanded for "the limited purpose of *permitting the defendant* to have the trial court determine, after an evidentiary hearing on the issue, whether there was entrapment." *Id.* (emphasis added). Grilli did not request that the trial court determine whether he was entrapped. Had he so requested, and had the trial court found that he was entrapped, his conviction would have been voided. The supreme court did not require

the trial court to determine whether Grilli was actually guilty. A logical conclusion is that Grilli had the option to have the matter heard by the court. He opted not to do so. We do not feel that this conviction should be voided at this late stage solely because the trial court did not force Grilli to participate in a hearing.

This does not completely resolve the matters before us, however. Appellant alleges that after the *Grilli* opinion he spoke with both the prosecuting attorney and the arresting officer and they told him that his conviction would be expunged from his record. He alleges that he did not pursue the remand hearing because of their representations to him. If this were true, we could not say he knowingly and voluntarily waived his right to a hearing on the matter. Fundamental fairness would therefore prevent the State from using this conviction in appellant's criminal history score.

Although the prosecuting attorney filed an affidavit stating that neither he nor the arresting officer recall this conversation, the matter is in controversy. Appellant's allegations are sufficient to insure a post-conviction evidentiary hearing pursuant to Minn.Stat. § 590.04, subd. 1 (1984), which states that "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition * * *." We hold that the trial court should have held a hearing to determine whether appellant's allegations are true. Therefore, we remand with instructions that the trial court hold a hearing to determine whether representations were made to appellant that his conviction would be expunged from his record and whether appellant relied on these representations. If the court finds in the affirmative, the court should order the 1971 conviction voided and appellant would be entitled to be resentenced on the 1982 theft charge.

Appellant also asks this court to release him pending this proceeding. We decline to do so.

## DECISION

We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.