The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of J.A., A Child, Appellee,

and Concerning A.R. and E.R., Respondents-Appellees.

The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of J.B.H., A Child, Appellee,

and Concerning M.H., Respondent-Appellee,

The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of T.B., A Child, Appellee,

and Concerning K.V. and M.V., Respondents-Appellees.

The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of N.P., A Child, Appellee,

and Concerning H.P., Respondent-Appellee.

Nos. 86SA23, 86SA33–86SA35.

Supreme Court of Colorado, En Banc.

March 9, 1987.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Michael J. Milne, Deputy Dist. Atty., Brighton, for petitioners-appellants.

David F. Vela, Colorado State Public Defender, Daniel L. Recht, Josephine Ewing, Deputy State Public Defenders, Brighton, for respondents-appellees.

VOLLACK, Justice.

The People filed this appeal after the juvenile court judge dismissed a juvenile petition filed against J.A., ruling the statute under which he was charged unconstitutional. The judge also made evidentiary pretrial rulings from which the People appeal. After dismissing *People in the Interest of J.A.*, three other juvenile court petitions brought under the same statute were also dismissed. (These petitions are *People in the Interest of T.B., People in the Interest of N.P.,* and *People in the Interest of J.B.H.*) All four cases have been consolidated for the purposes of this appeal. Because the constitutionality of a statute is at issue, appellate jurisdiction is properly before this court under section 13-4-102(1)(b), 6 C.R.S. (1973). We reverse.

## I.

Appellee J.A., a minor child, was charged in a delinquency petition with sexual assault on a child pursuant to section 18–3–405, 8B C.R.S. (1986). While babysitting, J.A. allegedly took the two children under his care into a closet, where he sexually assaulted the younger of the two. The girls were ages eight and two at the time of the alleged assault; the eight-year-old was present during the alleged assault of her younger sister. Before trial, J.A. filed a motion in limine, seeking to suppress statements made by the two-year-old victim, and a motion to dismiss, attacking the constitutionality of sections 18–3–405 and 18–3–401(4). At a pretrial hearing the trial court ruled on the motion in limine, suppressing statements made by the alleged victim after the incident. The judge took under advisement the motion to dismiss on constitutional grounds. On the morning of trial, the judge granted the appellee's motion to dismiss, ruling the statutory sections unconstitutional because 1) the language was vague and overbroad; and 2) the definition of "sexual contact" reduced the prosecution's burden of proof, thus denying the appellee due process of law and equal protection.

In the following two weeks, the same trial judge dismissed *People in the Interest of N.P.* and *People in the Interest of J.B.H.* In both cases, the appellees had been charged with sexual assault on a child, pursuant to section 18–3–405. Relying on his constitutionality ruling in *J.A.*, the judge ordered the cases dismissed.

The fourth case, *People in the Interest of T.B.*, was dismissed without prejudice by the presiding commissioner when the prosecutor notified him of the trial judge's ruling in *J.A.* T.B. had also been charged with sexual assault on a child pursuant to section 18–3–405.

These later three cases were dismissed before any evidentiary rulings had been made and before any hearings on the merits had begun.

## II.

The People contend that sections 18–3–405 and 18–3–401(4) are constitutional because they establish a sufficient standard by which a reasonably intelligent person can conform his/her conduct to the law. They also argue that because the definitional portion of section 18–3–401(4) establishes a general intent or "knowing" definition of sexual contact, rather than specific intent, the "reasonable" language does not lessen the burden of proof on the prosecution.

Section 18–3–405 states:

**Sexual assault on a child.** (1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

8B C.R.S. (1986).

Section 18–3–401(4) defines "sexual contact" as:

the knowingly touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or the actor's intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.

8B C.R.S. (1986).

■ We have addressed the constitutionality of the predecessor to this statute in *People v. West*, 724 P.2d 623 (Colo.1986). Defendant-appellant in *West* was challenging section 18–3–401(4), 8 C.R.S. (1978), which defined sexual contact as an "intentional" touching of intimate parts,[1] and

---

1. The sexual assault in *West* took place when the mental culpability element of subsection 401(4) was expressed as "intentionally." In 1983, subsection 401(4) was amended to read "knowingly," rather than "intentionally." We acknowledged this amendment in *West* and decided there was "no basis in the 1983 amendment to construe the term 'can reasonably be construed' in a manner different from the construction adopted" in *West*. 724 P.2d at 628 n. 4.

raised the same arguments used by J.A. in his motion to dismiss. We held that the statutory definition of "sexual contact" is capable of construction in a manner consistent with constitutional requirements. *Id.* at 627. Section 18–3–401(4) was construed to mean "the intentional touching of the victim's intimate parts ... or the intentional touching of the clothing covering the immediate area of the victim's (or the actor's) intimate parts for the purpose of sexual arousal, gratification, or abuse." This "render[s] 'sexual contact' a specific intent type of criminal conduct." *Id.* at 628. In the course of our opinion, we noted:

> Because the 1983 amendment to section 18–3–401(4), 8 C.R.S. (1985 Supp.), retains the purposeful element of "sexual contact," it would appear that the effect of the amendment is to define the "conduct" aspect of "sexual contact" in terms of an awareness of the nature of the conduct in question—that is, that the actor is touching the victim's intimate parts or the victim is touching the actor's intimate parts—but still to retain the purposeful aspect of that conduct—that is, that the touching be done for the purpose of sexual arousal, gratification, or abuse. In short, we discern no basis in the 1983 amendment to construe the term "can reasonably be construed" in a manner different from the construction adopted in this opinion.

724 P.2d at 628 n. 4.

The People's second argument, which we also addressed in *West*, is that the words "can reasonably be construed" in section 18–3–401(4) do not unconstitutionally lower the prosecution's burden of proof in a criminal case. In *West* we held that section 18–3–401(4) does not lower the burden of proof because "the challenged language represents a legislative effort to qualify the 'intentional touching' element of 'sexual contact' with the requirement that the touching occur under circumstances that will permit a fact finder to conclude beyond a reasonable doubt that it was done for the purpose of sexual arousal, gratifica-

tion, or abuse." *Id.* at 627–28. Because of our decision in *West*, we reverse the trial court's dismissal of the four petitions below and remand for reinstatement of the petitions.

For purposes of this remand, we point out that special attention should be paid to the jury instructions to ensure that the statute is not applied in an unconstitutional manner at trial. *Id.* at 629.

III.

The second issue raised by the parties in *J.A.* arises from an evidentiary ruling made by the juvenile court judge, prior to his dismissal of the petitions on constitutional grounds. Having resolved the constitutional question pursuant to section 13–4–102, 6 C.R.S. (1973), we decline to address the evidentiary ruling at this time. Because the case is remanded with directions to reinstate the petitions, the judge's evidentiary ruling is not a final judgment appropriate for appellate review.

The judgments are reversed and the cases remanded to the trial court.