The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of B.D.S., a Child, Respondent-Appellant.

No. 86CA1480.

Colorado Court of Appeals, Div. III.

April 2, 1987.

Rehearing Denied April 30, 1987.

Certiorari Denied (B.D.S.) July 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for petitioner-appellee.

David F. Vela, Colorado State Public Defender, Sam Shaw, Deputy State Public Defender, Laurel Duffy, Legal Intern, Glenwood Springs, Judy Fried, Deputy State Public Defender, Denver, for respondent-appellant.

STERNBERG, Judge.

B.D.S., a child, appeals an order adjudicating him a delinquent after a jury verdict finding him guilty of committing acts which if committed by an adult would have constituted third degree sexual assault. The verdict was based upon an incident in which B.D.S. allegedly grabbed the breasts of a fifteen-year-old girl while riding on a school bus.

B.D.S. asserts that the trial court erred in refusing to give the jury the type of instructions which the trial court gave in *People v. West*, 724 P.2d 623 (Colo.1986). He argues that this error subjected him to prosecution on a burden of proof lower than the standard required in criminal prosecutions. He also argues that there was insufficient evidence to sustain the delinquency adjudication based on the acts alleged. We disagree with these contentions and, therefore, affirm.

Section 18–3–401(4), C.R.S. (1986 Repl. Vol. 8B) defines the "sexual contact" proscribed by the sexual assault statute as

> "The knowingly touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact *can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.*"

(emphasis added)

■ In *People v. West, supra,* the supreme court rejected an allegation that this definition is unconstitutionally vague and violates due process of law by imposing criminal liability on a level of proof amounting to no more than a reasonable possibility. The court construed this statutory definition in a manner consistent with the reasonable doubt standard by stating that it meant "the intentional touching of the victim's intimate parts by the actor ... or the intentional touching of the clothing covering the immediate area of the victim's (or the actor's) intimate parts *for the purpose of* sexual arousal, gratification, or abuse." (emphasis added) *See also People in Interest of J.A.,* 733 P.2d 1197 (Colo. 1987).

In addition to construing the statutory definition of sexual contact to harmonize it with the requirements of due process, the *West* court concluded that the statutory proscription against "sexual contact" was not applied in an unconstitutional manner against the defendant in that case because the trial court's instruction did not include the "can reasonably be construed" language of § 18–3–401(4). Instead, the instruction explicitly informed the jury that it must find that the sexual contact *"was* for the purpose of sexual arousal, gratification, or abuse." (emphasis added) The jury in that case also was explicitly informed that a guilty verdict could be returned only if the jury was convinced "beyond a reasonable doubt" that there was both an intentional touching and such touching *"was done* for the purpose of sexual arousal, gratification, or abuse." (emphasis added)

Here, the trial court gave an instruction which listed the elements of third degree sexual assault as follows:

"1.  That the child,

2.  in the State of Colorado, at or about the date and place charged,

3.  knowingly subjected a person to any sexual contact, and

4.  with knowledge that that person did not consent."

This instruction further explained that the jury could find the child committed the delinquent act only if it decided that the prosecution had proven each of these elements beyond a reasonable doubt. "Sexual contact" was defined in a separate instruction in language tracking the definition in § 18–3–401(4), including the language "can reasonably be construed."

Under the supreme court's holding in *People v. West, supra,* the instructions used in this case fell short of reconciling unequivocally the "can reasonably be construed" language of § 18–3–401(4) with the child's due process rights. Under that holding, the basic interests underlying the void-for-vagueness doctrine are served only by replacing the statute's "can reasonably be construed as being for the purpose of" language with the straightforward phrase "for the purpose of." This was done in the trial court's instructions in *West,* and those instructions prevented the statute from being unconstitutionally applied against the defendant in that case. The supreme court pointed out in *People in Interest of J.A., supra,* that special attention should be paid to the jury instructions to ensure that § 18–3–401(4) is not applied in an unconstitutional manner at trial.

■ Nevertheless, we agree with the People's contention that any error presented by the instruction was harmless because, based on the evidence, the jury could not reasonably have construed the conduct of B.D.S. as being for any purpose other than that of sexual gratification, arousal, or abuse. The sexual contact described by the victim and a witness could not reasonably be described as accidental. Nor was there any testimony indicating that the contact was innocent. Thus, there was no reasonable possibility that any instructional inadequacy here contributed to the delinquency adjudication, and any error was harmless. *See State v. Nye,* 105 Wis.2d 63, 312 N.W.2d 826 (1981) cited in *People v. West, supra,* fn. 5.

■ We also find that the evidence is sufficient to support a conclusion by a reasonable person that B.D.S. committed the acts which if committed by an adult would have constituted third degree sexual assault beyond a reasonable doubt. *See People v. West, supra.* The testimony of

B.D.S. that he did not recall the incident does not necessarily raise a reasonable doubt as to defendant's guilt. The victim's description of the incident was corroborated by an eyewitness. Viewed in a light most favorable to the prosecution, we find this evidence sufficient to support the jury's verdict.

Order affirmed.

VAN CISE and CRISWELL, JJ., concur.